MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, State Bar No. 167223
Joel M. Purles, State Bar No. 266208
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:     +1.714.830.0600
Fax:    +1.714.830.0700
barbara.miller@morganlewis.com
joel.purles@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Theresa Mak, Bar No. 211435
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001
theresa.mak@morganlewis.com

Attorneys for Defendants
GOLDEN STATE FC LLC and
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TREVINO, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDEN STATE FC, LLC, a Delaware Limited Liability Company; AMAZON.COM, INC., a Delaware Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS GOLDEN STATE FC, LLC AND AMAZON.COM, INC.'S NOTICE OF REMOVAL**<br><br>Action Filed:       July 12, 2017<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

**TO THE CLERK OF THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Golden State FC, LLC and Amazon.com, Inc. ("Defendants"), by and through counsel, remove the above-entitled action to this Court from the Superior Court of the State of California, County of San Joaquin, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

On July 12, 2017, Plaintiff Juan Trevino filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of San Joaquin, entitled *Juan Trevino, an individual, on behalf of himself and all other similarly situated v. Golden State FC LLC and Amazon.com, Inc. and Does 1 through 10,* Case No. STK-CV-VOE-2017-0007161.  On July 18, 2017, Plaintiff filed an unverified first amended complaint ("FAC").

On August 14, 2017, Plaintiff served copies of the FAC, Summons, and Civil Case Cover Sheet on the registered agents for Defendants.  Copies of these documents are attached hereto as **Exhibit A**.  On September 12, 2017, Defendants filed an answer to the first amended complaint in San Joaquin County Superior Court.  A copy of this document is attached hereto as **Exhibit B**.  Exhibits A and B constitute all of the pleadings, process, and orders served upon, or by, Defendants in the Superior Court action.  Plaintiff alleges that Golden State FC LLC is Plaintiff's employer and that Amazon.com, Inc. "directly or indirectly established and controlled the wages, hours and working conditions of the employment of Plaintiff and the other class members, and . . . acted as co-employe[r]."  FAC ¶¶ 2, 5.  Plaintiff worked "as a 'picker' or 'sorter'" out of a fulfillment center in Tracy.  FAC ¶ 9.  Plaintiff contends that Defendants "failed to properly implement a valid alternative workweek schedule for [Plaintiff's fulfillment center] and for other locations . . . ."  FAC ¶ 24.  Defendants deny that an alternative workweek election was not properly implemented.

Plaintiff seeks to represent the following classes:

**Class**

All persons who were employed by Defendants in California as non-exempt

workers who worked in Distribution Centers, also known as fulfillment centers, within four years prior to the filing of the original complaint in this action through the date of judgment entered herein.

**Alternative Workweek Sub-Class**

All Class Members who worked at locations where they worked more than eight hours in a day and were not paid overtime for such days and where Defendants had failed to properly adopt an Alternative Workweek schedule for such locations.

**Meal Period Sub-Class**

All Class Members who executed non-compliant Meal Period Waiver Agreements or who were not provided with all legally required meal periods.

**Rest Period Sub-Class**

All Class Members who were not provided all legally required rest periods.

**Termination Pay Sub-Class**

All Class Members, Alternative Workweek Subclass Members, Meqal Period Subclass Members, or Rest Subclass Members whose employment terminated within three years prior to the filing of the original complaint in this action through the date of judgment entered herein.

**Wage Statement Sub-Class**

All Class Members, Alternative Workweek Subclass Members, Meal Period Subclass Members, or Rest Subclass Members who were provided with wage statements that failed to include all the information required by Labor Code 226(a) within one year prior to the filing of the original complaint in this action through the date of judgment entered herein.

FAC ¶ 10.

Plaintiff alleges the following violations in six causes of action against Defendants: (1) Failure to Pay Compensation Due for Hours Worked; (2) Meal Period Violations (Cal. Labor Code section 226.7); (3) Rest Period Violations (Cal. Labor Code section 226.7); (4) Wage Statement and Recordkeeping Violations (Cal. Labor Code section 226); (5) Failure to Pay

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31924925

2

DEFENDANTS GOLDEN STATE FC, LLC
AND AMAZON.COM, INC.'S NOTICE OF
REMOVAL

Waiting Time Wages Pursuant to Labor Code section 203; and (6) Violation of California Business and Professions Code sections 17200, *et seq.*

## II. REMOVAL IS TIMELY

Plaintiff served the registered agents for Defendants on August 14, 2017. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

Plaintiff brings this action as a putative class action. FAC ¶ 10. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendants deny Plaintiff's factual allegations and deny that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Putative Class Has More Than 100 Members.

Plaintiff asserts claims on behalf of a putative class comprised of "[a]ll persons who were employed by Defendants in California as non-exempt workers who worked in Distribution Centers, also known as fulfillment centers, within four years prior to the filing of the original complaint in this action through the date of judgment entered herein." FAC ¶ 10. Based on

---

[1] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against either of them under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31924925

3

DEFENDANTS GOLDEN STATE FC, LLC
AND AMAZON.COM, INC.'S NOTICE OF
REMOVAL

Plaintiff's definition, the putative class contains at least 44,084 employees who worked for Golden State FC, LLC at a California fulfilment center that implemented alternative work schedules between July 12, 2016 and August 30, 2017.[2]  Declaration of Peter Nickerson ("Nickerson Decl.") ¶¶ 3-4.

### B.  Diversity of Citizenship Exists.

To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

"An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Plaintiff admits that he worked in California and is a resident of California.  FAC ¶ 9.  The Complaint does not allege any alternate state citizenship.  Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.  Moreover, Plaintiff brings claims on behalf of putative class members residing in California.  Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice

---

[2] While Plaintiff purports to represent a class of persons employed since July 12, 2013, Defendants conservatively estimate the number of putative class members within the one-year statute of limitations applicable to wage statement violations (Plaintiff's fourth cause of action).

it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

Amazon.com, Inc. is incorporated under the law of Delaware and has its headquarters in Seattle, Washington.  Declaration of Andrew Moriarty ("Moriarty Decl.") ¶ 5.  Also, the Complaint alleges that Amazon.com, Inc. is a Delaware corporation with its principal place of business located in Seattle, Washington.  FAC ¶ 3.  Accordingly, Amazon.com, Inc. is a citizen of Washington and Delaware for the purpose of determining diversity.  28 U.S.C. § 1332(c)(1).

Per 28 U.S.C. § 1332, an unincorporated association or corporation is deemed to be a citizen of the state where it has its principal place of business and under whose laws it is incorporated or organized.   28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company qualifies as an "unincorporated association" under Section 1332(d)(10) for purposes of CAFA removal); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *2 (S.D. Cal. Feb 3, 2011) (same). Golden State FC, LLC is organized under the laws of Delaware, and has its principal place of business in Seattle, Washington.  Moriarty Decl. ¶¶ 3–4.  Moreover, Plaintiff admits that Golden State FC, LLC is organized under the laws of Delaware and that it is headquartered in Seattle, Washington. FAC ¶ 2. Accordingly, Golden State FC, LLC is a citizen of Washington for the purposes of determining diversity. 28 U.S.C. § 1332(c) & (d)(10).

Therefore, based on the Complaint, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant.  As a result, diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount In Controversy Exceeds $5,000,000.

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Because Plaintiff does not expressly plead a specific amount of damages, a

1  removing party need only show that it is more likely than not that the amount in controversy
2  exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.
3  1997).

4  Defendants' burden to establish the amount in controversy is by a preponderance of the
5  evidence.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014); *see
6  also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart
7  Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases).  A
8  removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation
9  that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at
10 554.  "If a federal court is uncertain about whether 'all matters in controversy' in a purported
11 class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err
12 in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42
13 (2005) (citation omitted).

14 A removing defendant is "not required to comb through its records to identify and
15 calculate the exact frequency of violations."  *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist.
16 LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL
17 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research,
18 state and prove the plaintiff's claims for damages.") (citation omitted).  *See also LaCross v.
19 Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument
20 for remand based on the contention that the class may not be able to prove all amounts claimed:
21 "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately
22 recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in
23 alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only
24 estimating the damages in controversy.").  The ultimate inquiry is what amount is put "in
25 controversy" by the plaintiffs' complaint, not what a defendant will actually owe. *LaCross*, 775
26 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the
27 complaint in determining the amount in controversy.").
28 Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31924925

6

DEFENDANTS GOLDEN STATE FC, LLC
AND AMAZON.COM, INC.'S NOTICE OF
REMOVAL

of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015 U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. 2015). However, as detailed below, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. *See, e.g.*, *Gallegos v. Atria Mgmt. Co., LLC*, 2016 U.S. Dist. LEXIS 104323, at *4-5 (C.D. Cal. Aug. 4, 2016) (denying remand and holding calculations for the purposes of CAFA removal to be grounded in "reasonable assumptions" where the defendant's Director of Payroll multiplied the number of employees by workweeks and average rates of pay to calculate meal period and rest break claims). As discussed below, when the claims of the putative class members in the present case are aggregated, their claims put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

Although Defendants deny Plaintiff's factual allegations and deny that he or the class he seeks to represent is entitled to the relief for which he has prayed, Plaintiff's allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

### 1. Plaintiff's Fourth Cause of Action for Failure to Properly Report Pay Puts $6,859,200 in Controversy.

Plaintiff contends that Defendants "knowingly and intentionally, as a matter of uniform policy and practice, failed to maintain and furnish Plaintiff and the other class members with accurate and complete wage statements regarding (1) gross wages earned, (2) total hours worked

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or any putative class member. Defendants expressly deny that Plaintiff or any putative class member is entitled to recover any of the penalties sought in the Complaint. In addition, Defendants deny that liability or damages can be established on a class-wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31924925

7

DEFENDANTS GOLDEN STATE FC, LLC
AND AMAZON.COM, INC.'S NOTICE OF
REMOVAL

by the employee, (5) net wages earned, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." FAC ¶ 48. Plaintiff contends that Defendants failed to provide him and "the other class members" with:

- "statements of wages that accurately showed gross wages actually earned by failing to show all wages earned, including wages for regular hours worked, overtime hours worked, missed meal periods and/or missed rest periods" (FAC ¶ 49);
- "statements of wages that accurately showed the total hours worked" (FAC ¶ 50);
- "statements of wages that accurately showed the net wages actually earned for regular hours worked, overtime hours worked, meal period wages, and/or rest period wages" (FAC ¶ 51); and
- "statements of wages that accurately showed the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate" (FAC ¶ 52).

A wage statement claim has a one-year statute of limitations. *See* Code Civ. Proc. § 340. At least 44,084 employees have worked at a fulfilment center with an alternative workweek schedule between July 12, 2016 and August 30, 2017. Nickerson Decl. ¶ 4. Golden State FC, LLC pays employees on a bi-weekly basis. Accordingly, between July 12, 2016 and August 30, 2017, there have been at least 90,634 pay periods. *Id.* at ¶ 5. Therefore, under Plaintiff's theory that no wage statements were compliant, Plaintiff's claim for wage statement penalties places $6,859,200 in controversy (44,084 putative class members x $50 penalty for initial alleged wage statement violation) + (46,550 remaining weeks paid x $100 penalty for subsequent alleged wage statement violations) = $2,204,200 + $4,655,000 = $6,859,200.

**2. Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.**

Plaintiff's alleged amount in controversy just as to the wage statement claim is at least $6,859,200. Defendants have demonstrated this amount by a preponderance of the evidence, as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31924925

8

DEFENDANTS GOLDEN STATE FC, LLC
AND AMAZON.COM, INC.'S NOTICE OF
REMOVAL

presented with this Notice of Removal. However, in addition to this amount, Plaintiff's other causes of action place additional amounts in controversy, thus further exceeding the CAFA threshold.

Plaintiff contends that he "and the other class members *often* worked over eight hours in a day and/or more than 40 hours in a week [and *o*]n occasion, Plaintiff and the other class members worked more than 12 hours in a day" but were not compensated. FAC ¶ 21 (emphasis added). Thus Plaintiff's first cause of action for failure to pay compensation for hours worked places additional amounts in controversy.

Plaintiff likewise contends that he "and the other class members *often* worked more than 10 hours per workday and, therefore, had the right to take a second meal period on those days, but Defendants *did not* provide them with *all* such meal periods." FAC ¶ 32 (emphasis added). Plaintiff contends Defendants failed to provide him and the putative class members with a valid meal period waiver agreement. *Id.* Thus, Plaintiff contends he and the other class members never received a second meal break or meal period premium pay. Accordingly, Plaintiff's second cause of action for failure to provide meal periods places an even greater amount in controversy.

Plaintiff further alleges that "[e]ven though [he] and class members worked shifts greater than 10 hours, Defendants did not provide Plaintiff and class members with the third rest periods to which they were entitled. FAC ¶ 44. Accordingly, Plaintiff's third cause of action for failure to provide rest periods places additional amounts in controversy.

Plaintiff also alleges that his employment was terminated, but Defendants failed to pay wages earned. FAC ¶ 60. Since July 12, 2014, the employment of approximately 39,386 employees who were subject to an alternative workweek schedule has ended. Nickerson Decl. ¶ 6. Accordingly, Plaintiff's fifth cause of action for failure to pay waiting time penalties would increase the amount in controversy significantly.

Further, Plaintiff seeks punitive damages. FAC, Prayer for Relief ¶ 8. Lastly, Plaintiff seeks recovery of attorneys' fees. *Id.* ¶ 5. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). *See*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31924925

9

DEFENDANTS GOLDEN STATE FC, LLC
AND AMAZON.COM, INC.'S NOTICE OF
REMOVAL

*also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5–6 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted); *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 60143, at *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *Richardson v. Servicemaster Global Holdings Inc.*, No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4 (N.D. Cal. Dec. 15, 2009) (citing *Brady* favorably to require a showing of attorneys' fees likely to be incurred to determine the amount in controversy).

Defendants deny Plaintiff's claim for attorneys' fees. However, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Courts therefore include a potential 25% fee award in the CAFA amount in controversy. *See*, *e.g.*, *Sanchez*, 2015 WL 12765359, at *7. Even though Defendants have already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of attorneys' fees would add at least another $1,714,800 to the amount in controversy (25% of $6,859,200), bringing the total amount in controversy to at least $8,574,000.

## IV. VENUE

This action was originally filed in the Superior Court for the County of San Joaquin. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

Based on the foregoing, Defendants request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

Dated: September 13, 2017

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Barbara J. Miller
Barbara J. Miller
Joel M. Purles
Theresa Mak
Attorneys for Defendants
GOLDEN STATE FC LLC and
AMAZON.COM, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31924925

11

DEFENDANTS GOLDEN STATE FC, LLC
AND AMAZON.COM, INC.'S NOTICE OF
REMOVAL