PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:      (818) 883-4900
Email: peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3579 East Foothill Blvd., No. 338
Pasadena, CA 91107
Fax:            (213) 402-3949
Email: lonnieblanchard@gmail.com

Attorneys for Plaintiff Juan Trevino

*[Additional counsel listed in signature line below]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TREVINO, CHRISTOPHER WARD, LINDA QUINTEROS, ROMEO PALMA, BRITTANY HAGMAN, ALBERTO GIANINI, and JUAN C. AVALOS, on behalf of themselves and all others similarly situated, | **Lead Case No:  1:18-cv-00120-DAD-BAM**<br>**Member Case: 1:18-cv-00121-DAD-BAM**<br>**Member Case: 1:18-cv-00567-DAD-BAM**<br>**Member Case: 1:18-cv-01176-DAD-BAM**<br>**Member Case: 1:18-cv-01300-DAD-BAM** |
| Plaintiffs, | **FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| vs. | |
| GOLDEN STATE FC LLC, a Delaware Limited Liability Company; AMAZON.COM INC., a Delaware Corporation, AMAZON FULFILLMENT CENTERS, INC. a Delaware Corporation, and Does 1 through 10, inclusive, | 1. **Failure to pay Wages for All Hours Worked, Including Overtime**<br>2. **Meal Period Violations**<br>3. **Rest Period Violations**<br>4. **Wage Statement Violations**<br>5. **Failure to Pay Waiting Time Wages Pursuant to Labor Code § 203**<br>6. **Violation of California Business and Professions Code**<br>7. **Recovery of Civil Penalties Pursuant to the California Private Attorney General Act** |
| Defendants. | |
| | **Demand for Jury Trial** |

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

Plaintiffs JUAN TREVINO, CHRISTOPHER WARD, LINDA QUINTEROS, ROMEO PALMA, BRITTANY HAGMAN, ALBERTO GIANINI and JUAN C. AVALOS ("Plaintiffs"), on behalf of themselves and all others similarly situated, assert claims against Defendant AMAZON.COM, a Delaware corporation, Amazon FULFILLMENT CENTERS, INC., a Delaware corporation and GOLDEN STATE FC, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants") as follows:

**INTRODUCTION**

1.     This case arises out of Defendants' failure to comply with the California Labor Code and the applicable Wage Order provisions in the treatment of their employees, including, *inter alia*, failure to pay wages due for regular and overtime hours worked, failure to pay wages at the appropriate regular and overtime rates, failure to provide lawful meal and rest periods, failure to pay meal period and rest period wages, failure to pay waiting time wages, and failure to provide lawful itemized wage statements.

2.     Plaintiffs bring this consolidated action on behalf of themselves and all others similarly situated employed by Defendants at any time from July 12, 2013 through resolution as non-exempt employees in California. (Hereinafter referred to as "Non-Exempt Employees" and/or "Class Members"). Plaintiffs allege that each of the Defendants violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code.

3.     During the liability period, defined as the applicable statute of limitations for each cause of action contained herein, Defendants enforced shift schedules, employment policies and practices, and workload requirements under which Plaintiffs and all other Non-Exempt Employees: (1) were not paid wages they earned for all hours they worked at the proper rates, including overtime and double overtime compensation; (2) were not permitted to take their full statutorily authorized rest and meal periods, or had their rest and meal periods shortened or provided to them late. Defendants failed to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period and/or rest period that was not properly provided. Plaintiffs further contend that Defendants failed to pay Plaintiffs and the Class members all wages due and owing, including by unlawful rounding to their detriment or under-recording of hours worked or by paying Non-Exempt Employees in the Class

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

under invalid or otherwise inoperative alternative workweek schedules that systematically underpaid earned overtime, all in violation of various provisions of the California Labor Code and IWC Wage Orders

4.      During the liability period, Defendants also failed to maintain accurate itemized records reflecting total hours worked and failed to provide Non-Exempt Employees with accurate, itemized wage statements reflecting total hours worked and appropriate rates of pay for those hours worked

5.      During the liability period, Defendants also followed a consistent policy of failing to pay all wages earned and owed to Employees at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiffs' complaint, as Defendants have removed these actions from the California Superior Courts to the District Court of California on diversity grounds pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7.      Venue is proper in the Eastern District of California because the cases were removed from the California Superior Courts by Defendants. In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendants are business entities that (i) are subject to personal jurisdiction in this District, and, therefore, reside in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

## PARTIES

8.      Plaintiff Juan Trevino is a California resident. On or about March 13, 2017, Defendants offered Plaintiff Trevino the position of Fulfillment Associate also referred to as a "picker" or "sorter." Plaintiff began working for Defendants on March 14, 2017. Plaintiff's job duties included, but were not limited to, physically transferring merchandise from robotic pods to designated totes. Defendants employed Plaintiff between approximately March 14, 2017 and May 6, 2017. During his employment, Plaintiff primarily performed services for Defendants out of Defendants' fulfillment center located in Tracy, California.

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

9. Plaintiff Christopher Ward is a California resident. Plaintiff Ward was employed by Defendants from May 24, 2015 to November 23, 2016 at Defendants' fulfillment center located in San Bernardino, California. Plaintiff Ward worked in positions including outbound packer and inbound receiving, where he unloaded and processed and shipped inventory from Defendants to their customers.

10. Plaintiff Linda Quinteros is a California resident. Plaintiff Quinteros was employed by Defendants from October 17, 2013 to December 13, 2016 at Defendant's fulfillment center located in Patterson, California. Plaintiff Quinteros worked in positions including outbound packer and inbound receiving, where she unloaded and processed and shipped inventory from Defendants to their customers.

11. Plaintiff Romeo Palma is a California resident. Plaintiff Palma is employed by Defendants at the fulfillment center located in Patterson, California. Plaintiff Palma's job duties include packaging, loading, unloading and other tasks.

12. Plaintiff Brittany Hagman is a California resident. Plaintiff Hagman was employed by Defendants from April 2015 through January 21, 2017 at the fulfillment center located in San Bernardino, California. Plaintiff Hagman's job position was a Packer which included inducting and re-binning products.

13. Plaintiff Alberto Gianini is a California resident. Plaintiff Gianini was employed by Defendants from October 2104 through August 2016 at the fulfillment center located in San Bernardino, California. Plaintiff Gianini's job position was as a Warehouse Associate, which included quality control by counting products and making sure there were no damages.

14. Plaintiff Juan C. Avalos is a California resident. Plaintiff Avalos worked at Defendants' fulfillment center located in Moreno Valley, California from in or about July 2016 through in or about May 2017. This facility has several departments including, but not limited to, Pre- Sort, Prep, Inbound and Outbound. Plaintiff Avalos worked in the Outbound department processing packages that were going to be shipped out.

15. Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its corporate headquarters located at 410 Terry Ave. N., Seattle, WA 98109.

16. Defendant Golden State FC, LLC ("Golden State") is a Delaware limited liability company which maintains its principal place of business in Seattle, Washington and operates throughout

California and the United States. Golden State is believed to be a wholly owned subsidiary of Amazon Fulfillment Services, Inc., which is a wholly-owned subsidiary of Amazon.com.

17.     Amazon.com directly or indirectly established and controlled the wages, hours and working conditions of the employment of Plaintiffs and the other class members, and Golden State and Amazon.com acted as employers, co-employers and/or joint employers of Plaintiffs and the other class members. Upon information and belief, Golden State was created to build and operate the fulfilment centers for Amazon.com, including the at least nine fulfilment centers presently operating in California, located, upon information and belief, in the cities of San Bernardino, Rialto, Eastvale, Tracy, Moreno Valley, Redlands, and Patterson City and in San Bernardino, Riverside, San Joaquin, Stanislaus, and Riverside Counties.

18.     Plaintiffs do not presently know the true names and capacities of the defendants named as Doe 1 through 10, and therefore sues such defendants by these fictitious names. Plaintiffs believe that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, or through conspiring with the known Defendants to perform these acts for financial gain and profit in violation of Plaintiffs and the other class members' rights. Plaintiffs will request leave of Court to amend this complaint to set forth their true names, identities and capacities when Plaintiffs ascertains them.

19.     Golden State, Amazon.com and the Doe Defendants are each responsible for all wage and hourly violations and other wrongs that have been perpetrated upon Plaintiffs and the other class members. Golden State, Amazon.com and the Doe Defendants will hereinafter collectively be referred to as the "Defendants." Defendants, and each of them, employed or jointly employed the Class Members.

20.     Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all the Defendants conspired with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were taken in furtherance of such conspiracy. Defendants aided

and abetted each other in the wrongful acts alleged herein. Each of the Defendants acted for personal

gain or in furtherance of its own financial advantage in effecting the acts alleged herein.

## CLASS ALLEGATIONS

21.     Plaintiffs bring this class action on behalf of themselves and all others similarly situated

pursuant to Code of Civil Procedure § 382 Plaintiffs seek to represent a class defined as follows:

> All individuals employed by Defendants at any time during the period of four (4) years prior July 12, 2017 and ending on the date of certification or as otherwise determined by the Court ("the Class Period") who have been employed by Defendants as non-exempt employees in California.

22.     Further, Plaintiff seeks to represent the following Subclasses composed of and defined as

follows:

a.   Subclass 1. Unpaid Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including overtime.

b.   Subclass 2. Alternative Work Week Subclass: All Class members who worked at locations operating under an improper or otherwise invalid alternative work week schedule who were not compensated for all hours worked for Defendants at the required rates of pay, including overtime.

c.   Subclass 3. Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide lawful  30-minute uninterrupted meal periods and failing to pay one hour of pay at the Employee's regular rate of pay for such periods.

d.   Subclass 4. Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, lawful10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay for such periods.

e.   Subclass 5. Wage Statement Subclass. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements with all the information required by Labor Code Section 226(a).

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

     f.   <u>Subclass 6. Termination Pay Subclass.</u> All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay all wages owing upon termination.

     g.   <u>Subclass 7. UCL Subclass.</u> All Class members who are owed restitution as a result of Defendants' business acts and practices to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

23.    The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiffs are informed and believe that Defendants employ or, during the time period relevant to this lawsuit, employed thousands of Employees within the State of California.

24.    There are questions of law and fact common to the class that predominate over any questions affecting only individual Class members. The common questions of law set forth above are numerous and substantial and stem from Defendants' uniform policies and/or practices of violating the California Labor Code above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages. These common questions of law and fact include:

     a.   Whether Defendants unlawfully rounded hours worked by Employee Class members down to their detriment;

     b.   Whether Defendants failed to pay Employees wages for all hours worked at the proper rates;

     c.   Whether Defendants violated Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders by failing to provide Employees with requisite meal periods;

     d.   Whether Defendants violated Labor Code §§ 226.7 and the applicable IWC Wage Orders by failing to provide Employees with requisite rest periods;

     e.   Whether Defendants violated Labor Code § 226(a);

     f.   Whether Defendants violated Labor Code § 203 by failing to pay wages and

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

1          compensation due and owing at the time of termination of employment;

2      g.   Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

3      h.   Whether Employees are entitled to equitable relief pursuant to Business and Professions

4          Code § 17200 *et seq.*

5     25.   The claims of the named plaintiffs are typical of those of the other Class Members, who

6 all sustained injuries and damages arising out of and caused by Defendants' common course of conduct

7 in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

8     26.   Plaintiffs will fairly and adequately represent and protect the interest of Class Members. .

9 Counsel who represents Plaintiffs and the Class Members are all experienced and competent in litigating

10 employment class actions.

11     27.   A class action is superior to other available means for the fair and efficient adjudication

12 of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact

13 common to all Employees predominate over any questions affecting only individual Employees. Each

14 Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or

15 practices of failing to compensate Employees properly. Class action treatment will allow those persons

16 similarly situated to litigate their claims in the manner that is most efficient and economical for the

17 parties and the judicial system. Plaintiffs are unaware of any difficulties in managing this case that

18 should preclude class action.

19 **First Claim for Relief**

20 **Failure to Pay Wages for All Hours Worked, Including Overtime**

21 **(Against All Defendants)**

22     28.   Plaintiffs reallege and incorporate herein by reference every allegation set forth above as

23 though fully set forth herein.

24     29.   Amazon.com is the well-known retailer that conducts operations throughout California

25 and the United States by processing orders and filling and shipping them through a network of

26 fulfillment, sorting, and distribution and shipping centers. In California, Golden State employs

27 thousands of Class members at the fulfillment centers it operates on behalf of Amazon.com.

28

30. The Employees who comprise the Class, including Plaintiffs, are nonexempt employees pursuant to the applicable Wage Order of the IWC and applicable federal regulations. Defendants hire Class Members who work in non-exempt positions at the direction of Defendants and throughout the State of California.

31. During the liability period, Plaintiffs and the Class members were typically scheduled to work ten (10) hour shifts. However, during certain months of the year pre-holiday season, when there is a high volume of orders and increase in work load requirements, Plaintiffs and certain Class Members typically worked shifts of between 11 and 12 hours.

32. During the liability period, Defendants implemented a timekeeping policy and practice for Employees which rounded their clock-in and clock-out times in a manner that resulted in a loss of time worked. As a result, Employees were consistently underpaid and were required to work off the clock and without pay, including for overtime wages they did not receive. More specifically, Defendants followed a practice of rounding actual time entries inputted by Class members in real time down to the nearest total one-tenth hour for payroll purposes, with the ostensible intent of paying Class members only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control. Plaintiffs contend this policy is not neutral and results, over time, to the Class members' detriment by systematically undercompensating them.

33. . Additionally, both the timekeeping system and the hours reflected in Defendants' payroll system are capable of recording time entries to the minute, and in fact do except for Defendants' uniformly applied policy of rounding time punches entered before the shift start time forward to the shift start time and time entries after the shift end times backwards to the shift end time. Therefore, Defendants have unlawfully implemented a uniform rounding policy that rounds time entries down to conform to a shift schedule set by Defendants rather than to the actual times worked by Plaintiffs and the Class members. This unlawful rounding also resulted in overtime hours accruing earlier than when Defendants started paying them in the shift, including for the purposes of alternative work week schedules.

34. Additionally, Defendants followed a uniform policy of providing a five-minute grace period excusing an Employee who clocks in late for a work shift if he or she clocked in during that five-

minute window. However, if an Employee was more than five minutes late, Defendants would not compensate the Employee for the remainder of the first hour worked on that shift and would deduct an hour of unpaid time "UPT" from the Employees accumulated UPT hours. This led to further off the clock time during which the Employees in the Class were working and/or under Defendants' control, which Defendants failed to record as hours worked. Also, certain Employees in the Class such as Plaintiff Ward worked night shifts on certain occasions, for which they were entitled to be paid a shift premium, but Defendants neglected to pay shift premiums to all Employees who worked shifts eligible to receive them.

35.     During the liability period, Defendants required Plaintiffs and Class members, at certain fulfillment centers in California, to work under either unenforceable or invalid alternative work week agreements. For instance, "Golden State LLC" is neither an entity that exists in California nor the employer of the Class Members. The Department of Industrial Relations requires employers adopting alternative work week schedules to include the name of the employer reporting the election and deliver within 30 days the results of the election and further notes that the schedules will be searched and subject to public disclosure laws. These requirements are also detailed in Labor Code § 511 and paragraph 3(B) of the applicable IWC Wage Orders. At the very least, it is implied that the correct employer name must be included in such reporting. However, the alternative work week ("AWW") election results reported for the fulfillment centers located in Patterson City, San Bernardino, Redlands, Tracey and Moreno Valley, California are in the name of "Golden State LLC." The AWW database listing for several other fulfillment centers in California list Golden State LLC as well. There is no such entity registered to do business in California, and Golden State LLC is therefore not the employer of the Class Members. Additionally, Patterson City reported results almost 10 months after they were final, not within 30 days as required by Wage Order 7, paragraph 3(C)(6). Also, the majority of the listed results do not state the nature of the business of the employer.

36.     Under Defendants' workweek and shift scheduling policy and practice, Defendants generally required a four-day work week, with 10-hour work days, and Defendants therefore did not pay Plaintiffs and the Class Members overtime for hours worked between eight and 10 on a shift. Defendants' uniformly applied AWW policy and practice thus under-compensated Employees' for their

1  working time and systematically reflected fewer overtime hours than they worked, including for two

2  hours per shift and at least approximately eight hours per week.

3      37.     As a matter of uniform Company policy, Plaintiffs and Class Members routinely worked

4  shifts over eight (8) hours in a day and over forty (40) hours in a work week, but they were not paid at

5  the appropriate overtime rate for all such hours, including by being required to perform work duties and

6  tasks without pay and while off-the-clock because of Defendants' unlawful rounding and policy of not

7  paying overtime under alternative work week agreements. Defendants also miscalculated and underpaid

8  overtime by failing to account for all types of wage payments in calculating and paying overtime. As a

9  result, Plaintiff and the Class members worked substantial regular and overtime hours during their

10  employment with Defendants for which they were not properly compensated .

11      38.     During the liability period, Defendants did not compensate Plaintiffs and Class Members

12  for the time spent going through Defendants' security procedures. For example, Plaintiffs and class

13  members were not compensated for time under Defendants' control after they passed through security

14  procedures at the beginning of the day to enter the work facilities. Plaintiffs and Class Members were

15  also required to clock-out prior to passing through Defendants' security procedures to leave the facility.

16  During the liability period, Defendants required Plaintiffs and Class Members to clock-out prior to

17  leaving on a lunch break and at the end of the day, subjecting them to passing through Defendants'

18  security procedures before leaving the premises, without pay and reducing their time to take meal breaks

19  as well as failing to compensate them for all hours they were under Defendants' control.

20      39.     As alleged above, Defendants failed to pay Employees the wages due for all hours

21  worked, including properly calculated overtime.

22      40.     Plaintiff and the Class Members have been damaged by these violations of California

23  Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission).

24      41.     For Defendants' failure to pay wages for all hours worked, the Employees in the Class

25  are entitled to recover the unpaid wages,  interest thereon and reasonable attorney's fees and costs of suit

26  pursuant to California Labor Code § 1194(a).

27

28

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

**Second Claim for Relief**

**Failure to Provide Lawful Meal Periods**

**(Against All Defendants)**

42.    Plaintiffs reallege and incorporate herein by reference every allegation set forth above as though fully set forth herein.

43.    During the liability period, Defendants have regularly required fulfillment center employees in California to work shifts greater than five (5) hours without providing them with timely, uninterrupted, and duty-free meal periods of not less than thirty (30) minutes. Plaintiffs and Class Members were required to clock-out for the beginning of their meal periods and were then subjected to security procedures to leave the work site. Similarly, to clock-in at the end of their meal periods if they left the work site, they were subjected to security procedures to re-enter the work site before they could clock-in,. As a result of these uniform policies and practices, the meal periods Defendants provided to the Class were less than the requisite 30 minutes.

44.    Additionally, Plaintiffs and Class Members were not provided with a second 30-minute meal period on the shifts in which they worked over ten (10) hours Instead, Defendants provided Plaintiffs and Class Members with a purported "California Meal Period Waiver Agreement" which sets forth only partial information in ambiguous and self-contradictory language that misrepresents class members' rights, does not fully disclose such rights, and/or is unintelligible. Rather than clearly stating the terms and conditions under which the waiver would apply and be used, it sets forth only partial information in ambiguous and self-contradictory language that misrepresents class members' rights, does not fully disclose such rights, and/or is unintelligible. For these reasons and others, these waivers are invalid and unenforceable.

45.    Plaintiffs had meal periods impermissibly shortened due to off the clock work and rounding, which resulted in systematic and ongoing meal period violations. The above alleged off the clock work rounding also resulted in untimely meal periods provided after the fifth hour of work on a shift, which violations are evidenced by Defendants' records or lack thereof.

46.     Defendants failed to compensate Employees for each meal period not provided or inadequately provided as required under Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Order

**Third Claim for Relief**

**Failure to Provide Rest Periods**

**(Against All Defendants)**

47.     Plaintiffs reallege and incorporate herein by reference every allegation set forth above as though fully set forth herein.

48.     During the liability period, Defendants also uniformly failed to authorize and permit Plaintiffs and Class Members to take their required ten (10) minute rest periods for every four (4) hours of work or major fraction thereof.  Moreover, as a uniform policy and practice, Defendants  did not authorize and permit Plaintiffs and Class Members to take a third ten-minute rest break when they worked shifts over ten (10) hours in a day. Consequently, Plaintiffs and Class Members never took a third ten-minute rest breaks when they worked over 10 hours in a work shift.

49.     Employers must relieve employees of all duties and relinquish control over how the Employees spend their time during rest periods, but Defendants failed to do so. Defendants' fulfillment centers are large. As stated by Amazon itself: "in person, the scale [of fulfillment centers] can be difficult to grasp: the Baltimore center, for example, spans the equivalent of 28 football fields and can hold millions of items on any given day." Due to their size, the centers were too large for Plaintiffs and Class Members to transverse without resulting in a rest break in less than ten (10) minutes. The DLSE has informed employers that rest periods must be a net ten (10) minutes. A rest period only begins when an employee reaches an area away from the work station that is appropriate for rest. Defendants followed a general practice of requiring their non-exempt employees to clock-in at a specific location in their large fulfillment centers and then travel or walk to the location to report for their work shift, as addressed above. Defendants similarly required Employee Class Members to walk to remote break room locations during rest breaks, during which time they were under Defendants' control and not receiving a duty-free, net 10-minute rest period.

50.     Defendants also enforced a uniform policy that prevented Plaintiff and the Class members from leaving the fulfillment center premises during their rest breaks, thereby exercising further control over Employees. Defendants thus committed consistent rest period violations under Defendants' uniformly applied policy and standards of conduct, which admonishes that "leaving company premises without permission during assigned work hours" is "extremely serious" and may result in "termination of employment."

51.     When considered with Defendants' policy of preventing Employees from leaving the premises of their fulfillment centers during rest breaks and the off the clock work addressed above, Defendants uniformly and consistently failed to authorize and permit Plaintiff and the Class members to take timely, uninterrupted, net ten-minute, duty-free rest periods.

52.     As alleged above, Defendants failed to authorize and permit Plaintiff and the Class Members to take rest periods as required by the Labor Code and applicable Wage Order.

53.     Defendants did not compensate employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks.

**Fourth Claim for Relief**

**Wage Statement Violations**

**(Against All Defendants)**

54.     Plaintiffs reallege and incorporate herein by reference every allegation set forth above as though fully set forth herein.

55.     Labor Code Section 226 provides in relevant part:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . .

56.     During the liability period, Defendants knowingly and intentionally failed to furnish to Plaintiffs and Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and/or (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

57.     Defendants violated Section 226(a)(1) as to Plaintiff and the other class members by failing to provide them with statements of wages that accurately showed gross wages actually earned by failing to show all wages earned, including wages for regular hours worked, overtime hours worked, missed meal periods and/or missed rest periods.

58.     Defendants violated Section 226(a)(2) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the total hours worked by Plaintiff and the other class members. For example, Defendants would provide wage statements that did not accurately reflect the total hours worked and that did not have a line item for "total hours worked." (See Exhibit A as an example.) In addition, because Defendants did not pay for all hours worked as alleged above, they did not accurately report all hours worked on the wage statement.

59.     Defendants violated Section 226(a)(5) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the net wages actually earned for regular hours worked, overtime hours worked, meal period wages, and/or rest period wages.

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

60.     Defendants violated Section 226(a)(9) by failing to provide Plaintiff and the other class members with statements of wages that accurately showed the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. For example, the wage statements failed accurately to show the overtime hours worked at the accurate overtime hourly rate and/or failed accurately to show the meal and/or rest period premium hours at the applicable hourly rate.

61.     As a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked. Plaintiffs and the Class Members are presumed to have suffered injury and are entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiffs and the Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e), "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

62.     Plaintiffs and the other Wage Statement class members were actually injured as a result of Defendants' violations. Moreover, such violations led to, among other things, the non-payment of all their regular and overtime wages and meal and rest period premiums and deprived them of the information necessary to identify the discrepancies in Defendants' reported data. Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain

time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions.

63.     Pursuant to Labor Code §§ 226(a) and 226(e), Plaintiff and the Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

**Fifth Claim for Relief**

**Failure to Timely Pay Wages Due At Termination**

**(Against All Defendants)**

64.     Plaintiffs reallege and incorporate herein by reference every allegation set forth above as though fully set forth herein.

65.     Labor Code Section 201 in relevant part provides:

    (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately...

66.     Labor Code Section 202 in relevant part provides:

    (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

67.     Labor Code Section 203 provides in relevant part:

    (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . . .

    (b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

68.     The employment of Plaintiff and the other Termination Pay Subclass members with Defendants terminated. When the employment of Plaintiff and the Termination Pay Subclass members

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

terminated, Defendants violated Labor Code Sections 201 or 202 by willfully failing to pay timely the wages earned and unpaid that were due them, including the wages at the appropriate rate for all hours worked and meal and rest period premiums as alleged above.

69.     The wages withheld by Defendants have remained due and owing for more than thirty (30) days from the date of separation from employment. Defendants failed to pay Termination Pay Subclass members the wages due them under Section 203.

70.     Labor Code Section 218.5 provides in relevant part:

> (a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith. . .

71.     Plaintiff has incurred attorney's fees and costs in pursuing this claim. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages were due but failed to pay them.

### Sixth Claim for Relief

### Violation of Unfair Competition Law

### (Against All Defendants)

72.     Plaintiffs reallege and incorporate herein by reference every allegation set forth above as though fully set forth herein.

73.     Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any **unlawful**, **unfair** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

74.     Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

75.     Defendants have been unjustly enriched as a result of Defendants' unlawful and/or unfair business acts and/or practices.

76.     Business & Professions Code Section 17203 provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

77.   Plaintiffs and Class Members seek restitution of money and/or property by which Defendants were unjustly enriched.

### Seventh Claim for Relief

### Private Attorneys General Act

### (Against All Defendants)

78.   Plaintiffs reallege and incorporate herein by reference every allegation set forth above as though fully set forth herein.

79.   Pursuant to Labor Code Sections 2698, *et seq*., the Private Attorney General Act of 2004 (the "PAGA"), Plaintiffs are entitled to recover civil penalties on behalf of themselves and other persons who are or were employed by the alleged violator and against whom one or more of the alleged violations was committed. Plaintiffs are pursuing civil penalties for violations of the Labor Code sections alleged herein.

80.   Defendants, as alleged above, have committed Labor Code violations against Plaintiffs and other employees of Defendants.

81.   Plaintiffs gave written notice to the Labor and Workforce Development Agency ("LWDA") and to Defendants identifying violations set forth above and setting forth the facts and legal theories to support the alleged violations. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letters.

82.   Plaintiff is entitled to recover penalties pursuant to the PAGA against Defendants as provided by the PAGA and seeks to recover all penalties recoverable thereunder.

83.   Labor Code Section 2699(g) provides that any "employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Plaintiffs have incurred attorney's fees and costs in pursuing this claim.

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

**PRAYER**

WHEREFORE, Plaintiffs hereby demand a jury trial of all their claims to the extent authorized by law and respectfully request that judgment be entered against Defendants granting the following relief:

1. For an order certifying this consolidated action as a class action;

2. For compensatory damages in the amount of the unpaid work performed by Plaintiff and the Class Members and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages as allowed by law;

4. For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6. For compensatory damages in the amount of the hourly wage made by employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7. For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

8. For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members, , as may be proven;

9. For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

10. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq.*, including disgorgement or profits, as may be proven;

11. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

12. For penalties pursuant to Labor Code § 2698 *et seq.,* as may be proven;

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

1    13.    For wages and penalties under Labor Code § 558, as may be proven;

2    14.    For other wages and penalties under the Labor Code as may be proven;

3    15.    For all general, special, and incidental damages as may be proven;

4    16.    For an award of pre-judgment and post-judgment interest;

5    17.    For an award providing for the payment of the costs of this suit under Labor Code §§

6  218.5, 1404, 2699(g)(1) or California Code of Civil Procedure § 1021.5, or as otherwise may be

7  available and incurred in this action, in an amount according to proof and subject to Court approval;

8    18.    For an award of attorneys' fees under Labor Code §§ 218.5, 1404, 2699(g)(1) or

9  California Code of Civil Procedure § 1021.5, or as otherwise may be available, in an amount according

10 to proof and subject to Court approval; and

11    19.    For such other and further relief as this Court may deem proper and just.

12                        **DEMAND FOR JURY TRIAL**

13         Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

14 Dated: March 28, 2019                    THE DION-KINDEM LAW FIRM

15
                                           BY: */s/ PETER R. DION-KINDEM*
16                                             PETER R. DION-KINDEM, P.C.
                                               PETER R. DION-KINDEM
17                                             Attorney for Plaintiff Juan Trevino

18

19 Dated: March 28, 2019                    DAVID YEREMIAN & ASSOCIATES, INC.

20
                                           By*: /s/ Alvin B. Lindsay*
21                                           David Yeremian
                                             Alvin B. Lindsay
22                                           Attorneys for Plaintiffs
                                             Christopher Ward and Linda Quinteros
23

24 Dated: March 28, 2019                    JAMES HAWKINS APLC.

25
                                           By */s/ Isandra Fernandez*
26                                           James Hawkins
                                             Isandra Fernandez
27                                           Attorneys for Plaintiff
                                             Juan C. Avalos
28

**First Amended Consolidated Complaint – Case No. 1:18-cv-00120-DAD-BAM**

1

Dated: March 28, 2019

HAFFNER LAW PC

2

By */s/ Joshua H. Haffner*

3

Joshua H. Haffner
Graham G. Lambert
Attorneys for Plaintiff
Romeo Palma

4

5

Dated: March 28, 2019

THE WESTRICK LAW FIRM, P.C.

6

7

By */s/ Shawn C. Westrick*

8

Shawn C. Westrick
Attorneys for Plaintiffs
Brittany Hagman
Alberto Gianini

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2019 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Eastern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: March 28, 2019                      */s/ Isandra Y. Fernandez*
                                            Isandra Y. Fernandez