UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TREVINO, CHRISTOPHER WARD, LINDA QUINTEROS, ROMEO PALMA, BRITTANY HAGMAN, ALBERTO GIANNINI and JUAN C. AVALOS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN STATE FC LLC, a Delaware Limited Liability Company; AMAZON.COM, INC., a Delaware Corporation, AMAZON FULFILLMENT CENTERS, INC., a Delaware Corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | **Lead Case No:** 1:18-cv-00120-DAD-BAM<br><br>**Member Case:** 1:18-cv-00121-DAD-BAM<br>**Member Case:** 1:18-cv-00567-DAD-BAM<br>**Member Case:** 1:18-cv-01176-DAD-BAM<br>**Member Case:** 1:17-cv-01300-DAD-BAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ORDER COMPELLING PLAINTIFFS TO PRODUCE DOCUMENTS**<br><br>(Doc. No. 76) |

Currently before the Court is the motion of Defendants Golden State FC LLC (now known as Amazon.com Services, Inc.), Amazon.com, Inc. and Amazon Fulfillment Services, Inc. (now known as Amazon.com Services, Inc.) (collectively "Defendants") to compel Plaintiffs Juan Trevino, Christopher Ward, Linda Quinteros, Romeo Palma, Brittany Hagman, Alberto Giannini and Juan C. Avalos ("Plaintiffs") to produce documents responsive to the following Requests for Production ("RFPs"): (1) Nos. 21, 22, 23, 24, and 41 (Plaintiffs Avalos, Gianini, and Hagman);

1

(2) Nos. 33, 34, 35, 36, and 36 (Plaintiff Palma); (3) Nos. 44, 45, 46, 47, and 48 (Plaintiff Trevino); and (4) Nos. 47, 48, 49, 50, and 51 (Plaintiffs Quinteros and Ward). (Doc. No. 76.) On August 9, 2019, the parties filed a Joint Statement Re: Discovery Disagreement pursuant to Local Rule 251. (Doc. No. 78.) The Court deemed the matter suitable for determination without hearing, vacated the hearing set for August 16, 2019, and deemed the matter submitted upon the records and joint statement pursuant to Local Rule 230(g). (Doc. No. 80.)

Having considered the record and joint statement, Defendants' motion to compel is GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND**

This matter is a consolidated action comprised of five wage and hour lawsuits originally filed in the Central and Eastern Districts of California. On March 28, 2019, Plaintiffs filed a First Amended Consolidated Class Action Complaint (the "Complaint") alleging the following wage and hour violations: (1) failure to pay wages for all hours worked, (2) failure to pay overtime, (3) meal period violations, (4) rest period violations, (5) wage statement violations, (6) failure to pay waiting time wages under Labor Code § 203, and (7) violations of the California Business and Professions Code. (Doc. No. 65.) The proposed class is defined as follows:

> All individuals employed by Defendant at any time during the period of four (4) years prior [to] July 12, 2017 and ending on the date of certification or as otherwise determined by the Court ("the Class Period") who have been employed by Defendants as non-exempt employees in California.

(*Id.* at ¶ 21.)

Relevant here, the Complaint alleges that "Defendants uniformly and consistently failed to authorize and permit Plaintiff and the Class members to take timely, uninterrupted, net ten-minute, duty-free rest periods." (*Id.* at ¶ 51.) The Complaint further alleges that "Plaintiffs and Class Members never took a third ten-minute rest breaks when they worked over 10 hours in a work shift." (*Id.* at ¶ 48.) Finally, the Complaint alleges that Amazon "required [Plaintiffs] to walk to remote break room locations during rest breaks, during which time they were under Amazon's control and not receiving a duty-free, net 10-minute rest period." (*Id.* at ¶ 49.)

On May 17, 2019, Defendants propounded Requests for Production ("Requests") on each

Plaintiff. (Doc. No. 78-1, Declaration of Katherine V.A. Smith ("Smith Decl.") ¶¶ 2–4, Exs. A–G.) These requests seek, among other items, discovery on allegations in the complaint, and included Requests 21–24,[1] which ask for electronic records that evidence any telephone calls, text messages, e-mails, and social media activity by Plaintiffs that occurred during any shifts while employed by Amazon. (*Id.* at ¶ 4–7, Ex. H at RFPs 21–24.) In consideration of Plaintiffs' privacy interests, each Request provided that Plaintiffs "may redact, for the purpose of privacy" phone numbers, email addresses, and substantive content of these documents." (*Id.* at ¶ 5, Ex. H at RFPs 21–24.)

In addition, the Requests also seek all non-privileged documents with any attorneys regarding "the allegations set forth in the Complaint that YOU or anyone acting on YOUR behalf had with any attorney(s) before the attorney client relationship was formed." (*Id.* ¶ 4, Ex. H at RFP No. 41.)[2] Plaintiffs Avalos, Gianini, Hagman, Palma, and Trevino served objection-only responses to this Request. *Id.*

On July 26, 2019, Defendants filed the instant motion to compel.[3] (Doc. No. 76.) On August 9, 2019, the parties filed a Joint Statement Re: Discovery Disagreement, which totaled more than 300 pages inclusive of exhibits. (Doc. No. 78.) The discovery disagreement concerns

---

[1] Although identical requests were submitted to each of the Plaintiffs, not every request has the same number. (Doc. No. 78 at 3 n.1.) For convenience and simplicity, the Request numbers in this Order correspond to the Requests served on Plaintiff Juan C. Avalos. However, the corresponding Request numbers for each Plaintiff are as follows: (a) Plaintiffs Avalos, Gianini, and Hagman: Requests 21–24; (b) Plaintiff Palma: Requests 33–36; (c) Plaintiff Trevino: Requests 44–47; and (d) Plaintiffs Quinteros and Ward: Requests 47–50. (Doc. 78-1, Smith Decl. at ¶ 4.)

[2] As indicated above, the Request number corresponds to the Requests served on Plaintiff Avalos. The corresponding Request number for each Plaintiff is as follows: (a) Plaintiffs Avalos, Gianini, and Hagman: Request 41; (b) Plaintiff Palma: Request 37; and (c) Plaintiff Trevino: Request 48. (Doc. 78-1, Smith Decl. at ¶ 4.) Defendants are not moving to compel further responses from Plaintiffs Quinteros and Ward because they substantively responded to their corresponding request. (Doc. No. 78 at 3 n.2.)

[3] Defendants also have filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), which is currently pending before District Judge Dale A. Drozd. (Doc. No. 72.) The ruling on the instant motion to compel is unrelated to the motion to transfer venue and should not be considered by the parties as an indication or suggestion as to the District Court's intended ruling on the transfer motion.

3

two primary issues: (1) whether Requests 21–24 seek discovery that is (i) irrelevant, (ii) not narrowly tailored, and/or (iii) unduly burdensome, such that Plaintiffs should not be required to respond and produce responsive documents; and (2) whether Rule 26(b) requires Plaintiffs to provide a substantive response to Request 41. (*Id.* at 3.)

The deadline to complete non-expert discovery is September 30, 2019. (Doc. No. 69.)

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. Id. However, the court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." *Id.* at 34(b)(2)(B). The responding party is responsible for production of all documents in "the responding party's possession, custody, or control." *Id.* at 34(a)(1). "[A]ctual possession of the documents is not required." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a

4

legal right to obtain the document or has control over the entity who is in possession of the document." *Id.*

**B.     Defendants' Motion to Compel Production**

**Requests for Production Nos. 21-24**

Defendants served the following identical requests on all Plaintiffs:

**RFP 21**: All DOCUMENTS that evidence any telephone calls YOU initiated or accepted during any WORKING DAY while employed by and and/or all DEFENDANTS during YOUR EMPLOYMENT PERIOD, including, but not limited to, mobile phone call records, service charge statements/bills, and usage summaries. (For purposes of this Request only, YOU may redact, for the purpose of privacy, the telephone numbers identified in any such DOCUMENTS.)

**RFP 22**: All DOCUMENTS that evidence any electronic mail sent by YOU during any WORKING DAY while employed by and and/or all DEFENDANTS during YOUR EMPLOYMENT PERIOD. (For purposes of this Request only, YOU may redact, for the purpose of privacy, the content, subject line, and recipient(s) identified for any such DOCUMENTS.)

**RFP 23**: All DOCUMENTS that evidence any text messages, including, but not limited to, messages sent via iMessage, Facebook Messenger, WhatsApp, Telegram, Skype, Signal, Snapchat, Tango, Google Allo, or any other SMS, MMS, RCS, or similar messaging application, sent by YOU during any WORKING DAY while employed by and and/or all DEFENDANTS during YOUR EMPLOYMENT PERIOD. (For purposes of this Request only, YOU may redact, for the purpose of privacy, the content, subject line, and recipient(s) identified for any such DOCUMENTS.)

**RFP 24**: All DOCUMENTS that evidence social media posts, activity, or messages, including, but not limited to, posts, activity, or messages posted, forwarded, liked, favorited, retweeted, pinned, commented on, or shared by you on Facebook, Instagram, Tumblr, Twitter, Google+, YouTube, WeChat, Reddit, Pinterest, LinkedIn, or any other social media site during any WORKING DAY while employed by any and/or all DEFENDANTS during YOUR EMPLOYMENT PERIOD. (For purposes of this Request only, YOU may redact, for the purpose of privacy, the content, subject matter, and recipient(s), of any such DOCUMENTS.)

**Responses to Requests for Production Nos. 21-24**

Plaintiffs objected to these requests as follows:

Plaintiffs Avalos, Gianini, Hagman, and Palma's Objections to Requests 21–24

Objections: vague, ambiguous, overly broad, unduly burdensome, privacy rights, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff Trevino's Objections to Requests 21–24

Objections: Vague, Ambiguous, Overly Broad, Unduly Burdensome, Privilege,

Privacy, Relevance. This request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs Quinteros and Ward's Objections to Requests 21–24

Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, vague, and ambiguous, as any number of documents could be responsive. This request is further objectionable to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. This request also fails to reasonably particularize each item or category sought to be produced or inspected. This request is also calls for speculation, calls for a legal conclusion as to the meaning of its terms, and is compound.

Plaintiff further objects to this request in that it invades Plaintiff's right to privacy, as well as the privacy rights of third parties under either the California and/or the United States Constitution. Plaintiff also objects to this request on the grounds that it seeks information and documents protected by the attorney-client privilege and/or work-product doctrine. A party need not, under Rule 34, produce privileged or attorney work product material. See Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(3), Code of Civil Procedure § 2018.010, et seq. Plaintiff further objects to this request to the extent it seeks disclosure of documents protected by the joint defense privilege, the common interest privilege, or similar privileges; and/or protected by any other applicable privilege, doctrine, or immunity.

Plaintiff further objects to this request to the extent the requested documents are available to Defendants in their own files or are otherwise in Defendants' possession, custody or control or are readily available to Defendants through their own reasonable search and investigation. Plaintiff also objects to this request to the extent it purports to impose on Plaintiff a burden of identifying documents or providing Defendants with information which are not in Plaintiff's possession, custody, or control or which cannot be found in the course of a reasonable search. This request calls for information which is available to all parties equally or only to Defendants, and is therefore oppressive and burdensome to Plaintiff in that the sought material is unreasonably cumulative or duplicative, or is more readily obtainable from some other source, including Defendants' own files and publicly available materials, and the party seeking the information has had ample opportunity to obtain it or already does and has not produced it in response to Plaintiff's relevant discovery requests. See Fed. R. Civ. P. 26(b)(2).

Plaintiff further objects to the subject request to the extent that it is vague, ambiguous, misleading, uncertain, and unintelligible and/or fails to specifically describe the information sought. The request is overly broad and requires production of documents that are completely irrelevant to the claims and defenses in this action, and seeks to intrude upon Plaintiff's confidential and personal daily activities and transactions. As such, the Request is objectionable to the extent it seeks confidential or personal or business information of Plaintiff and infringes upon Plaintiff's Constitutional right to privacy. The request is therefore overbroad and unduly burdensome under Rule 26(b)(1), including because it is not likely to lead to discovery of any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit, which it does not here.

Summary of Defendants' Position

Defendants generally contend that Requests 21-24 are relevant to the allegations that Plaintiffs were repeatedly deprived of, or failed to take, statutorily required rest and meal break periods. Defendants assert that records of Plaintiffs' activities on their personal phones (such as email, text messaging, social media activity, and phone calls) could establish the amount of time they spent on personal communications on break after passing through security because Amazon's hourly associates are generally required to keep their personal phones in lockers or in their cars on the external side of the security screening. (*Id.* at 7-8; *see also* Doc. No. 78-1, Smith Decl. at ¶ 5.) Defendants also assert that these records are highly probative with respect to Plaintiffs' rest break claims because Plaintiffs do not clock in or out for rest breaks. (Doc. No. 78-1, Smith Decl. at ¶ 5.) In sum, Defendants contend that Requests 21–24 seek documentary evidence solely in Plaintiffs' possession that will help to establish, with contemporaneously created records: (1) how long it may have taken each individual Plaintiff to reach his or her phone after beginning their meal or rest breaks on a given workday; and (2) how long each Plaintiff took a break on a given workday. (Doc. 78 at 8.)

As to Plaintiffs' remaining objections, Defendants contend that Plaintiffs have failed to articulate why producing cell phone records and records of sent emails, text messages, or social media activity is unduly burdensome. Indeed, Defendants fault Plaintiffs for failing to offer any evidence to support their contention that production would be burdensome and by failing to quantify any purported burden. Defendants urge that most cell phone companies provide customers with monthly statements that itemize all calls to and from the customer's cell phone. Defendants similarly claim that Plaintiffs should have no difficulty providing records of sent emails, text messages or social media activity because these services automatically generate records specific to a users' activity over time. Defendants also contend that because the requests expressly authorize Plaintiffs to redact any confidential information from the records, such as phone numbers, there can be no real objection based on privacy.

7

Summary of Plaintiffs' Position

Plaintiffs' argue that Requests 21-24 are irrelevant, substantially burdensome and intrusive. Plaintiffs point out that cases cited by Defendants compelling production of these types of records involve single plaintiffs, not class proceedings encompassing numerous facilities and thousands of employees. (Doc. No. 78 at 13.) Plaintiffs also argue that Defendants' need for these records is based purely on speculation that the records will establish that Plaintiffs were taking breaks and the time and duration of those breaks. Plaintiffs urge that the better source of such information is Defendants' own time-keeping records for Plaintiffs and the putative class members. (*Id.*) Plaintiff believe that these timekeeping records, in conjunction with evidence of Defendants' policies and practices both written and unwritten, are the best evidence of whether the claimed violations as alleged in the Consolidated Complaint occurred or can be adjudicated on a class basis. (*Id.* at 15.) Plaintiffs further argue that the proportional needs of the case, in contrast to the burden and intrusion of the Requests, cannot justify further responses and production. Plaintiffs posit that that the records here are of negligible relevance, based on "an attenuated string of speculation of what might come from this highly intrusive probe into Plaintiffs' personal communications. (*Id.* at 13-14.)

Analysis and Ruling

Defendants seek access to records of Plaintiffs' activities on their personal phones (such as email, text messaging, social media activity, and phone calls) to assess Plaintiffs' claim that they were denied meal and rest breaks and worked hours for which they were not paid throughout their entire employment. Courts have compelled production of such documents in similar circumstances, finding this evidence relevant to allegations of rest and meal break violations. *See Calleros v. Rural Metro of San Diego, Inc.*, 2017 WL 4391714, at *3 (S.D. Cal. Oct. 3, 2017) (granting defendants' motion to compel plaintiffs to provide "cell phone records or other documents that show whether, when, and for how long Plaintiffs engaged in personal activities, such as cellular phone calls, text messaging, or internet access, during the workday," which defendants asserted were relevant to plaintiffs' claims that they were not provided with breaks, but precluding production of documents establishing the internet sites visited or the content of the

posts or messages); *Crews v. Domino's Pizza Corp.*, 2009 WL 10672572, at *3 (C.D. Cal. July 31, 2009) (granting defendant's motion to compel cell phone records and noting that "[c]ell phone records indicating that plaintiffs engaged in personal conversation while on a work shift is directly relevant to Plaintiffs' claim that they were not allowed adequate break time."); *see also Quintana v. Claire's Boutiques, Inc.*, 2014 WL 3371847, at *2 (N.D. Cal. July 9, 2014) (stating that "the court agrees, that cell phone records establishing that Plaintiffs engaged in personal activities while on the clock and/or had the opportunity to take meal and rest breaks are relevant to this litigation."). The Court finds no basis to deviate from these decisions. Records establishing whether and for how long Plaintiffs engaged in personal activities, such as telephone calls, texts or internet use, during the working day are relevant to whether Plaintiffs were provided with compliant meal and rest breaks.

Plaintiffs' objection regarding the burden of production is not persuasive. On a motion to compel discovery, the burden is on the responding party to show that the electronically-stored information is "not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). In this instance, Plaintiffs have not offered any evidence to support their contention that production is burdensome, nor have they quantified any purported burden. Further, the Requests are not seeking responses from *all* potential class members and are instead limited to the seven named Plaintiffs.

Plaintiff's objection that the requested documents are available to Defendants in their own files or are otherwise in Defendants' possession, custody or control or are readily available to Defendants through their own reasonable search and investigation also is not persuasive. Federal Rule of Civil Procedure 26(b)(2)(C)(i) requires a court to limit a responding party's obligation to produce discovery if the information sought is available from some other source that is more convenient, less burdensome, or less expensive. Here, however, Plaintiffs have not provided a cogent explanation as to how the requested documents are equally available to Defendants, in Defendants' possession, custody or control, or readily available through some other source, such as Defendants' files or publicly available documents. Although Plaintiffs have urged that Defendants' own time-keeping records are the best evidence regarding meal and rest breaks,

9

1  Defendants have expressly indicated that employees do not clock in or out for rest breaks. (Doc. No. 78 at 4.) Thus, Defendants do not appear to have readily available electronic records demonstrating the timing and duration of any rest breaks.

Finally, as to Plaintiffs' privacy objections, any such objections have been ameliorated by Defendants' willingness to allow for redaction of cell phone telephone numbers, email and text message content, subject line and recipient(s), and social media activity content, subject matter and recipient(s). Defendant have confirmed that they are not seeking production of substantive content contained in any responsive electronic records.

Because the Court finds that the records are relevant to Plaintiffs' claims and that Plaintiffs' objections to the discovery are not persuasive, Defendants' motion to compel further responses to RFP Nos. 21-24 is GRANTED. **No later than September 6, 2019,** Plaintiffs must produce cell phone records or other documents that show records of Plaintiffs' activities on their personal phones (such as email, text messaging, social media activity, and phone calls) during the workday. As noted above, Plaintiffs are not required to provide information such as telephone numbers, e-mail and text message content, subject line or recipient(s), and social media activity content, subject matter or recipient(s).

**Request for Production No. 41**

RFP 41: All DOCUMENTS that RELATE TO any COMMUNICATIONS RELATING TO the allegations set forth in the COMPLAINT that YOU or anyone acting on YOUR behalf had with any attorney(s) at any time before an attorney-client relationship was formed.

**Responses to Request for Production No. 41**

Plaintiffs Avalos, Gianini, Hagman, Palma, and Trevino served objection-only response to Request 41. Plaintiffs Quinteros and Ward indicated that they have produced non-privileged documents responsive to this request. (Doc. No. 78-1, Smith Decl. at ¶ 4, Ex. M–N).

<u>Plaintiffs Avalos, Gianini, Hagman, and Palma's Objections to Request 41</u>

Objections: attorney client privilege, attorney work product, vague, ambiguous, overly broad.

<u>Plaintiff Trevino's Objections to Request 41</u>

Objections: Privilege, Privacy, Vague, Ambiguous, Overly Broad.

Summary of Defendants' Position

Defendants contend that Plaintiffs cannot assert a blanket claim of privilege in response to a discovery request, and that Plaintiffs have improperly asserted privilege "without ever actually searching for potentially responsive documents." (Doc. 78. at 24.) Defendants further contend that Plaintiffs' position regarding the attorney-client privilege is contrary to California law, arguing that parties only may assert attorney-client privilege over confidential communications made in furtherance of the attorney-client relationship, suggesting there was no such relationship if the attorney was not retained. Defendants believe the Court "should compel Plaintiffs to adhere to their obligation under the Federal Rules to conduct a reasonable investigation as to the existence of any responsive documents." (*Id.*) Following that investigation, Plaintiffs can either indicate that they have discovered no responsive documents or prepare a privilege log.

Summary of Plaintiffs' Position

Plaintiffs assert that Defendants are overreaching, claiming that they are entitled to communications between Plaintiffs and any other attorneys besides those in the present case and before the attorney-client relationship was formed with present counsel. Plaintiffs asserts that it is the client that holds the privilege, whether or not that communication is with a current or former attorney. Plaintiffs do not desire to waive their privilege as to communications with current or former attorneys regarding their claims.

Analysis and Ruling

Since this court's subject matter jurisdiction is based on diversity of citizenship, California law governs disposition of issues about the attorney-client privilege. Fed. R. Evid. 501 (state law governs privilege regarding a claim or defense for which state law supplies the rule of decision); F*irst Pac. Networks, Inc. v. Atlantic Mut. Ins. Co.*, 163 F.R.D. 574, 577 (N.D.Cal.1995); *Bank of the West v. Valley Nat'l Bank of Ariz.*, 132 F.R.D. 250, 251 (N.D. Cal. 1990).

Under California law, "evidentiary privileges such as the attorney-client privilege are governed by statute." *See Larsen v. Coldwell Banker Real Estate Corp.*, No. SACV 10-00401-AG, 2012 WL 359466, at *4 (C.D. Cal. Feb. 2, 2012) (quoting *HLC Props., Ltd. v. Superior Court,* 35 Cal.4th 54, 59, 24 Cal.Rptr.3d 199, 105 P.3d 560 (2005)). The attorney-client privilege

allows a client "to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer...." Cal. Evid. Code § 954. The attorney-client privilege attaches to a "confidential communication between client and lawyer" during the course of the attorney-client relationship. Cal. Evid. Code § 952.

Here, Defendants' position appears to be that communications with attorneys who were not subsequently retained are not protected by the privilege. However, "[a]n attorney-client relationship exists for purposes of the privilege whenever a person consults an attorney for the purpose of obtaining the attorney's legal service or advice." *Edwards Wildman Palmer LLP v. Superior Court*, 231 Cal.App.4th 1214, 1226, 180 Cal.Rptr. 3d 620, 628 (2014) (citation and quotation omitted). "No formal agreement or compensation is necessary to create an attorney-client relationship for purposes of the privilege." *Id.* Furthermore, "[p]rospective clients' communications with a view to obtaining legal services are plainly covered by the attorney-client privilege under California law, regardless of whether they have retained the lawyer, and regardless of whether they ever retain the lawyer." *See Barton v. U.S. Dist. Court for Cent. Dist. of Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005).

Insofar as Defendants seek production of documents relating to communications that Plaintiffs had with any prospective attorneys regarding the allegations in the Complaint, those communications appear to be privileged. The Court will not require Plaintiffs to produce any such documents. Accordingly, Defendants' motion to compel Plaintiffs to produce documents in response to RFP No. 41 is DENIED.

IT IS SO ORDERED.

Dated: **August 19, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE