PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (818) 883-4900
Email:      peter@dion-kindemlaw.com

Attorneys for Plaintiff Juan Trevino

*[Additional counsel listed in signature lines at end of document]*

| | |
|---|---|
| Juan Trevino, Christopher Ward, Linda Quinteros, Romeo Palma, Brittany Hagman, Alberto Gianini, and Juan C. Avalos, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOLDEN STATE FC LLC, a Delaware Limited Liability Company; AMAZON.COM INC., a Delaware Corporation, AMAZON FULFILLMENT SERVICES, INC. a Delaware Corporation, and Does 1 through 10, inclusive,<br><br>    Defendants. | **LEAD CASE NO. 1:18-cv-00120-DAD-BAM**<br>Member Case No: 1:18-cv-00121-DAD-BAM<br>Member Case No: 1:18-cv-00567-DAD-BAM<br>Member Case No: 1:18-cv-01176-DAD-BAM<br>Member Case No: 1:17-cv-01300-DAD-BAM<br>**CLASS ACTION**<br><br>**NOTICE OF RULING RE:** ***TREVINO* PLAINTIFFS' MOTION TO INTERVENE AND STAY *SHERMAN, ET AL. V. AMAZON.COM SERVICES, INC.*** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that, on October 21, 2019, the Court in Dept 10C of the Central District of California, ruled on the *Trevion* Plaintiffs' Motion to Intervene and Stay the *Sherman, et al. v. Amazon.com Services, Inc.,* Case SACV 19-1329 JVS (KES) ("*Sherman* matter"). In denying the Motions, the Central District Judge determined that there was no substantial overlap between the *Trevino v. Amazon.com Services, Inc.,* Case 2:17-cv-01904-KJM-CJD consolidated cases and the *Sherman* matter.

A true and correct copy of the Court's Order is attached as Exhibit A.

Dated: October 24, 2019            THE DION-KINDEM LAW FIRM

                                   BY:   PETER R. DION-KINDEM
                                         Peter R. Dion-Kindem, P.C.
                                         PETER R. DION-KINDEM

                                   THE BLANCHARD LAW GROUP, APC
                                   BY: /s Lonnie C. Blanchard III
                                         Lonnie C. Blanchard III
                                         Attorneys for Plaintiff Juan Trevino

Dated: October 24, 2019            DAVID YEREMIAN & ASSOCIATES, INC.

                                   By: /s David Yeremian
                                         David Yeremian
                                         Alvin B. Lindsay
                                         Attorneys for Plaintiffs Christopher Ward and Linda Quinteros

Dated: October 24, 2019            JAMES HAWKINS APLC.

                                   By: /s Isanda Fermandez
                                         James Hawkins
                                         Isandra Fernandez

|  |  |
|---|---|
|  | Attorneys for Plaintiff<br>Juan C. Avalos |
| Dated: October 24, 2019 | HAFFNER LAW PC |
|  | By: /s Graham G. Lambert<br>   Joshua H. Haffner<br>   Graham G. Lambert<br>   Attorneys for Plaintiff<br>   Romeo Palma |
| Dated:  October 24, 2019 | THE WESTRICK LAW FIRM, P.C. |
|  | By: /s/ Shawn C. Westrick<br>   Shawn C. Westrick<br>   Attorneys for Plaintiffs<br>   Brittany Hagman<br>   Alberto Gianini |

# EXHIBIT A – COURT ORDER REGARDING MOTION TO DISMISS OR STRIKE, MOTION TO INTERVENE, AND MOTION FOR STAY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Order Regarding Motion to Dismiss or Strike, Motion to Intervene, and Motion for Stay

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby rules in accordance with the tentative ruling as follows:**

Juan Trevino, Christopher Ward, Linda Quinteros, Romeo Palma, Brittany Hagman, Alberto Gianini, and Juan C. Avalos (collectively, the "Trevino Plaintiffs"), plaintiffs in the matter of Juan Trevino, et al., v. Golden State FC LLC, et. al., 18-cv-120-DAD(BAM) (the "Trevino Matter"), filed a Motion to Intervene for the limited purpose of seeking a stay. Mot. Int., ECF No. 11-1. The Trevino Plaintiffs also filed a Motion to Stay the case pending the resolution of the Trevino Matter. Mot. Stay, ECF No. 12. Defendant Amazon.com Services, Inc. ("Amazon") filed a Notice of Non-Opposition. ECF No. 16. Plaintiffs Trevion Sherman, Monique Carpenter, Christopher Booker, Shelby Vizio, Kristy Slaydon, Jesslyn Waiter, Carla Lopez, Michael Tiiman, Richard Barber, Justin Williams, Ivan Urbina, Allyson Motley, Jacob Minyard, Guillermo Martinez, Cory Adams, Russel Crume, Eduardo Sandoval, Andy Dionisio, Brian Mendez, Storm Carfangnia, Sylvia Bautista, Eduardo Castillo, Darren Delizo, Janet Vaca, Janica Lach, Travis Webb, and Sean Waiter (the "Sherman Plaintiffs") filed an Opposition and an Amended Opposition. Opp'n. to Mot. Int., ECF No. 17; Amd. Opp'n., ECF No. 19. The Trevino Plaintiffs replied to the Motion to Intervene and the Motion to Stay. Reply to Mot. Int., ECF No. 23; Reply to Mot. Stay, ECF No. 24.

Amazon also filed a Motion to Dismiss or, in the alternative, a Motion to Strike, the first and fourth causes of action. Mot. D., ECF No. 13. The Sherman Plaintiffs filed an Opposition. Opp'n. to Mot. D., ECF No. 18. Amazon replied. Reply to Mot. D., ECF

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-1329 JVS (KESx)          Date   10/21/2019

Title   Trevion Sherman, et al. v. Amazon.com Services, Inc.

No. 22.

  For the following reasons, the Court **grants in part and denies in part** the Motion to Dismiss, **denies** the Motion to Intervene and does not reach the Motion to Stay.

## I. BACKGROUND

  The Sherman Plaintiffs filed their Class Action Complaint on June 6, 2019 in the Superior Court of California, County of Orange. Compl., ECF No. 1-2. The action was removed to this district on July 5, 2019 by Amazon. ECF No. 1. The Sherman Plaintiffs assert ten causes of action: (1) failure to pay reporting time-pay under IWC Order No. 9, Section 5; (2) failure to pay all wages when due under Labor Code § 204; (3) failure to provide rest breaks under IWC No. 9-2001; (4) failure to provide suitable resting facilities under IWC No. 9-2001; (5) failure to pay overtime wages under Labor Code § 510; (6) failure to pay wages for each hour worked under Labor Code § 1194; (7) failure to provide accurate wage statements under Labor Code §§ 226, 1174, 1174.5, and IWC Order No. 9; (8) failure to maintain record of hours worked under labor code § 1174 (d); (9) failure to pay all wages due upon termination in violation of Labor Code §§ 201-203; and (10) unlawful business practices in violation of Business and Professional Code §17200 et seq. See generally, Compl.

  The Complaint alleges the following. The Sherman Plaintiffs and the class members were or are employed by Amazon as "regular, non-exempt hourly employee[s]" during the class period. Compl. ¶¶ 10-37. Amazon allegedly conducts mass hiring interviews assigning those hired with a hire date and instructing them "where and when to show up." Id. at ¶ 47. Many workers (five or more per day) arrive on their first day expecting to work a fully scheduled shift, but are sent home without pay when they are found at check-in to have been flagged as "'ineligible to work' / due to a false error 'failure to E-verify.'" Id. The Complaint alleges that the false flags exist not because employees have failed to provide I-9 documentation, but because Amazon's E-verifications were not timely input and updated in Amazon's computer system. Id.

  The Complaint also alleges that when employees who were flagged as eligible to work arrived for work they were sorted into groups and then instructed to wait for an hour or longer until Amazon managers and supervisors would "select a number of employees for whom [Amazon] deemed it had work for that day." Id. at ¶ 48. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

remaining employees were sent home. Id. On multiple occasions employees were "furnished work for only an hour or two before being sent home, without the opportunity to work a full or a half day shift." Id. at ¶ 49. Amazon allegedly alternatively gave employees the option to work for four hours or voluntarily take the time off to go home, but did not pay the reporting time pay "they were entitled the moment they arrived and reported for work." Id.

Furthermore, the Complaint alleges that employees were not paid wages for the time when the Sherman Plaintiffs and class members clock in "ten to twenty-five minutes prior to their scheduled work shifts in order to check their daily assignments on the bulletin board" and retrieve required work equipment. Id. at ¶ 51.

Additionally, the Complaint alleges that there are an insufficient number of restrooms and restrooms are placed at "disadvantageous locations" leaving employees to walk as long as seven minutes each way to reach a restroom. Id. at ¶ 52. Furthermore, rest break periods are included in the computing hourly/daily quotas for employees and the production clock "does not stop when employees need to use the restroom facilities". Id. As a result, employees are deprived from proper rest break periods because many are forced to forego bathroom breaks out of fear of termination. Id. For the same reasons, Amazon has "failed to provide suitable resting policies for [the Sherman] Plaintiffs and Class Members [to] use during their rest periods" and such individuals have been "impeded and deprived access to and utilization of proper resting facilities." Id. at ¶ 53.

## II. Legal Standard

### A.     Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678–80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### B. Motion to Strike

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted).

Therefore, courts frequently require the moving party to demonstrate prejudice "before granting the requested relief, and 'ultimately whether to grant a motion to strike falls on the sound discretion of the district court.'" Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)).

However, class allegations may be struck when no class action can possibly be maintained on the face of the pleading. Pepka v. Kohl's Dep't Stores, Inc., 2016 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

8919460, at *1 (C.D. Cal. Dec. 21, 2016) (citing <u>Tietsworth</u> <u>v.</u> <u>Sears</u>, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (striking class allegations due to predominance of individual issues on certain claims); <u>Stokes</u> <u>v.</u> <u>CitiMortgage</u>, Inc., 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) ("Rule 12(f) also grants courts the authority to strike class allegations that cannot possibly move forward on a classwide basis.") (citations omitted); <u>Route</u> <u>v.</u> <u>Mead</u> <u>Johnson</u> <u>Nutrition</u> <u>Co.</u>, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) ("[W]here the matter is sufficiently obvious from the pleadings, a court may strike class allegations.")).

### C. Leave to Amend

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend should be granted, four factors are considered: (1) undue delay, (2) bad faith or dilatory motive, (3) prejudice to the opposing party, and (4) futility of amendment. <u>Ditto</u> <u>v.</u> <u>McCurdy</u>, 510 F.3d 1070, 1079 (9th Cir. 2007); <u>Foman</u> <u>v.</u> <u>Davis</u>, 371 U.S. 178, 182 (1962).

### D. Motion to Intervene

Under Rule 24, there are two types of intervention: (1) intervention of right and (2) permissive intervention.

#### 1. *Intervention of Right*

Federal Rule of Civil Procedure 24(a)(2) requires a court, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." When analyzing a motion to intervene of right under Rule 24(a)(2), the Ninth Circuit applies a four-part test: "'(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.'" <u>Wilderness</u> <u>Soc.</u> <u>v.</u> <u>U.S.</u> <u>Forest</u> <u>Serv.</u>, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting <u>Sierra</u> <u>Club</u> <u>v.</u> <u>EPA</u>, 995

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
|---|---|---|---|
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

F.2d 1478, 1481 (9th Cir. 1993)).

       2.    *Permissive Intervention*

Under Rule 24(b)(1)(B), a court may permit intervention if the prospective intervener "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In the Ninth Circuit, a court has discretion to permit intervention when a movant presents: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (internal quotations and citations omitted). Regardless of these three requirements, a court will not permit intervention if intervention will "unduly delay or prejudice the adjudication of the original parties' rights." See Fed. R. Civ. Pro. 24(b). "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." Garza v. Cty. of L.A., 918 F.2d 763, 777 (9th Cir. 1990).

      **E.**    **Motion to Stay**

A district court has discretionary power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

Among the interests to be weighed in deciding whether to stay a pending proceeding are (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-1329 JVS (KESx)                           Date   10/21/2019

Title   Trevion Sherman, et al. v. Amazon.com Services, Inc.

Dependable Highway Express, 498 F.3d at 1066 (quoting Landis, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" Lockyer, 398 F.3d at 1112.

### III. DISCUSSION

**A.   Motion to Dismiss or Alternatively, to Strike**

   1.   First Cause of Action

   *(A) Motion to Dismiss*

The Sherman Plaintiffs allege in their first cause of action that Amazon violated IWC Order No. 9-2001, Section five which states: "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

Amazon argues the first cause of action should be dismissed because the Sherman Plaintiffs do not state "any specific facts concerning any of the named plaintiffs or members of the class." Mot. D. 6. They further allege that claim fails because the Sherman Plaintiffs have not alleged that they were scheduled or had the expectation of working a normal shift. Id. Amazon relies on Ramirez v. Manpower, Inc., for the assertion that there must be a "showing" that the Sherman Plaintiffs themselves were required to report to work, and were sent home without the required pay. 2014 WL 116531, at *4 (N.D. Cal. Jan. 14. 2014). However, unlike Ramirez where the plaintiff had alleged that "Defendants had a 'policy and practice' of requiring employees to attend unpaid training, assessment and termination meetings, and orientations," but did not provide any facts to support her allegations, here the Sherman Plaintiffs have alleged specific facts to support their allegations.

Namely, the Sherman Plaintiffs alleged that during the class period, members arrived for work prepared and expecting to work an entire schedule, but were sent home by Amazon without being furnished at least half of their work schedule and were not paid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

reporting time for at least two hours nor more than four hours. Compl. ¶ 80. The factual allegations of the Complaint expound on this describing in detail that when employees who were flagged as eligible to work arrived for work they were sorted into groups and then instructed to wait for an hour or longer until Amazon managers and supervisors would "select a number of employees for whom [Amazon] deemed it had work for that day." Id. at ¶ 48. The remaining employees were sent home. Id. On multiple occasions employees were "furnished work for only an hour or two before being sent home, without the opportunity to work a full or a half day shift." Id. at ¶ 49. Amazon allegedly alternatively gave employees the option to work for four hours or voluntarily take the time off to go home, but did not pay the reporting time pay employees were "entitled the moment they arrived and reported for work." Id.

Amazon cites to Johnson v. Sky Chefs, Inc., in support of its contention that the Sherman Plaintiffs require an allegation that they were scheduled to or had the expectation of working a normal shift in order to plead the element of expectation. 2012 WL 4483225, at *6 (N.D. Cal. Sept. 27, 2012); Mot. D. 6. However, Johnson is taken out of context and distinguishable from the present matter because it involved a plaintiff who had only pled that she had "'returned to work for a meeting called by her employer' after a month-long suspension" without making an allegation that she was scheduled to work or had an expectation of working on such date. Johnson, 2012 WL 4483225, at *6. Here, the Sherman Plaintiffs have clearly alleged that they "showed up for work as scheduled by [Amazon], prepared and expecting to work an entire schedule," for employees who were deemed ineligible for work as a result of the alleged false flags, for those employees who were eligible but sorted into groups, instructed to wait, and then sent home, and for those employees who were not paid the "reporting time" due when they arrived and reported for work after being given the option to work four hours or voluntarily take time off upon their arrival. Compl. ¶¶ 47-49, 80.

Since the Sherman Plaintiffs have stated enough facts to state a claim whereby the court can reasonably draw an inference that Amazon is liable for the alleged misconduct, the Court **denies** Amazon's Motion to Dismiss as to the first cause of action.

        (b)    *Motion to Strike*

Alternatively, Amazon moves to strike the class allegations related to the first cause of action because the proposed subclass is an impermissible fail-safe class. Mot. D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

13. Specifically, Amazon alleges that under the class definition members of the class cannot be determined unless the Court analyzes the elements of the claim for the Sherman Plaintiffs and each class member and finds that they were "in fact denied work or pay for report for a regularly scheduled shift." Id. 14. The Sherman Plaintiffs do not address this argument in their opposition.

The class definition at issue is the "Reporting Time Subclass" defined as:

> All persons who were employed/hired by Defendant, AMAZON.COM SERVICES, INC. and/or the entity formerly known as GOLDEN STATE FC, LLC in the State of California, and who at any time within four (4) years of the filing of this Complaint worked in Defendant's joint-venture fulfillment centers in the State of California and who, during any given pay period were instructed by Defendant to show up to work on a scheduled date for a scheduled time, but upon reporting for work were either sent home without such scheduled work being furnished, and/or who were furnished less than half of their usual or scheduled work, and were not paid no less than (2) nor more than four (4) hours of their regular rate of pay, at a rate of no less than minimum wage in reporting time pay.

Compl. ¶ 62.

"The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established. When the class is so defined, once it is determined that a person, who is a possible class member, cannot prevail against the defendant, that member drops out of the class. That is palpably unfair to the defendant, and is also unmanageable—for example, to whom should the class notice be sent?" Kamar v. RadioShack Corp., 375 F. App'x 734, 736 (9th Cir. 2010).

The Court finds that the record is insufficiently developed on this argument and as such declines to rule on this motion until the Sherman Plaintiffs file a motion for class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1329 JVS (KESx)    Date  10/21/2019

Title  Trevion Sherman, et al. v. Amazon.com Services, Inc.

    2.    Fourth Cause of Action

Amazon argues that the fourth cause of action of the Complaint should be dismissed because there is no private right of action under Section 13(B) for failure to provide suitable resting facilities. Mot. D. 8-10. Amazon notes that "[n]o court has ever held that Section 13(B) provides for a private cause of action." Id. at 8. Amazon also argues that a restroom is not a resting facility under Section 13(B). Mot. 10-12. The Sherman Plaintiffs do not address these arguments in their opposition.

In California "[a] violation of a state statute does not necessarily give rise to a private cause of action. Instead, whether a party has a right to sue depends on whether the Legislature has 'manifested an intent to create such a private cause of action' under the statute." Lu v. Hawaiian Gardens Casino, Inc., 50 Cal. 4th 592, 596 (2010) (internal citations omitted). The plain language of the statute "is the best indicator of whether a private right to sue exists." Id. at 603.

IWC Wage Order No. 9-2001 (the "Wage Order"), Section 13(B) requires that "[s]uitable resting facilities shall be provided in an area separate from the toilet rooms and shall be available to employees during work hours." The language of Section 13(B) does not expressly state that a person is liable for a cause of action for a violation nor does it refer to a remedy or means for enforcing its provision. Absent any evidence to the contrary of legislative intent, the Court finds that Section 13(B) of the Wage Order does not establish a private right of action and therefore does not reach Amazon's argument that a restroom is not a resting facility under Section 13(B).

Accordingly, the Court **grants** Amazon's motion to dismiss as to the fourth cause of action.

    B.    Leave to Amend

The Sherman Plaintiffs seek leave to amend any curable defects in their Complaint. Opp'n. 9. Amazon argues against leave because the Sherman Plaintiffs cannot cure their defect given that they cannot overcome the lack of private cause of action. The Court agrees and dismisses the Sherman Plaintiffs' fourth cause of action with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

### C. Motion to Intervene

The Trevino Plaintiffs have asked to intervene for the limited purpose of seeking a stay. See generally, Mot. Int.

#### 1. Intervention of Right

The Trevino Plaintiffs argue that they satisfy all four parts of the test applied by the Ninth Circuit in determining whether intervention is proper. See Lockyer, 450 F.3d at 440; see generally, Mot. Int. Amazon does not oppose the Trevino Plaintiff's Motion to Intervene. Non Opp'n.[1] The parties do not dispute that the Trevino Plaintiffs' Motion was timely. Amd. Opp'n. 5. However, the Sherman Plaintiffs argue that the Trevino Plaintiffs do not satisfy the other requirements of the test. Id.

*(A) Significant Protectable Interest*

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." Cal. ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006). To trigger the right to intervene, an economic interest must be concrete and related to the underlying subject matter of the litigation. United States v. Alisal Water Corp., 370 F.3d 915, 919-20 (9th Cir. 2004).

The Trevino Plaintiffs argue that they have a significant protectable interest because there is substantial overlap between the two actions and because they believe Amazon is attempting to use the Sherman matter to forum shop. Mot. Int. 9-10. The Trevino Plaintiffs further contend that should both cases be litigated simultaneously there is a chance that adverse rulings in Sherman could be used against the Trevino Plaintiffs or that the Sherman matter could be leveraged against the class in a reverse action. Id. at 10. The Sherman Plaintiffs contend that there is no property or transaction at issue and an expectation or interest in the outcome of the litigation alone is insufficient. Amd.

---

[1] The Court notes that the Sherman Plaintiffs allege that they were unaware of the Trevino Matter until they received a meet and confer correspondence from counsel for the Sherman Plaintiffs. Id. 4. The Sherman Plaintiffs further assert that Amazon waited to file a Notice of Related Case until the day the Sherman Plaintiffs' opposition was due. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

Opp'n. 5. The Sherman Plaintiffs also argue that the two cases are not similar. Id. at 7.

Whether or not Amazon is attempting to use the Sherman matter to forum shop with regards to the Trevino Plaintiffs is not relevant to the Court's analysis of whether the Trevino Plaintiffs' have a significant protectable interest. However, the Court finds that there is no substantial overlap between the Trevino and Sherman cases.

The Trevino Matter is composed of seven causes of action: (1) failure to pay wages for all hours worked, including overtime; (2) meal period violations; (3) rest period violations; (5) failure to pay waiting time wages pursuant to Labor Code § 203; (6) violation of California Business and Professions Code; and (7) recovery of civil penalties pursuant to the California Private Attorney General Act. Trevino First Amended Complaint ("FAC"), ECF No. 24-1.

One of the only similarities between the Trevino Matter and Sherman is the third cause of action in Sherman (failure to provide rest breaks in violation of the Wage Order) and the third cause of action in Trevino (failure to provide rest periods). The Trevino Plaintiffs' third claim for relief arises from allegations that (1) as a result of the size of Amazon's fulfilment centers, the Trevino Plaintiffs and class members had a rest break of less than ten minutes; and (2) Amazon enforced a uniform policy that prevented employees from leaving the fulfillment center on rest periods. Id. ¶¶ 49, 50. The Sherman Plaintiffs' third cause of action arises from allegations that Amazon did not provide rest periods every four hours or major fraction thereof. Compl. ¶ 93. The Sherman Plaintiffs' fourth cause of action for failure to provide suitable resting facilities bears some similarities to Trevino because it arises from failure to provide adequate resting facilities due to the infrequency of bathrooms and size of the fulfillment centers. However, this cause of action was dismissed for the reasons set forth in Section III.A.2.

Additionally, although the sixth cause of action in the Sherman Complaint (failure to pay wages for each hour worked) and the first cause of action in the FAC (failure to pay wages for all hours worked, including overtime) are both failure to pay wage violations, they arise from different facts. The Sherman claim derives from unpaid wages related to Amazon's failure to pay reporting-time wages. Compl. ¶ 107. On the other hand, the Trevino Plaintiffs' claims arise from
allegations that Amazon rounded employee clock-in and clock-out times, failure to pay night shift premiums, requiring employees to work unenforceable or invalid alternative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
|---|---|---|---|
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

work week agreement, failure to pay overtime due to Amazon's workweek and shift scheduling policy and practice, and failure to pay wages for time spent going through Amazon's security procedures. FAC ¶¶ 32, 34, 35, 36, 38. Given that these claims arise from completely different factual allegations, the Court does not find them to substantially overlap.

Finally, while the Sherman Complaint also refers to unpaid wages resulting from "clock-in" time, its allegations are very different from the Trevino Plaintiffs' allegations resulting from an alleged scheme by Amazon to improperly round clock-in and clock-out periods to the detriment of employees. Sherman's allegations pertain to unpaid wages for the time when the Sherman Plaintiffs and class members clock in "ten to twenty-five minutes prior to their scheduled work shifts in order to check their daily assignments on the bulletin board" and retrieve required work equipment. Compl. 51. Thus, these allegations are wholly unrelated.

In conclusion, the Court finds that the Trevino Plaintiffs do not have a significant protectable interest. Because the Trevino Plaintiffs do not meet this requirement, they do not have a right to intervene.[2]

    2.  Permissive Intervention

The parties do not dispute that the Trevino Plaintiffs' motion was timely. The Court finds that (1) there are independent grounds for jurisdiction; and (2) there is no common question of law and fact. Therefore, the Court denies the Trevino Plaintiffs' motion under permissive intervention.

    (A)  *Independent Ground for Jurisdiction*

The Trevino Plaintiffs argue that the Court has independent jurisdiction because "their matter is currently pending in the Eastern District." Mot. Int. 13. However, having a matter pending in the Eastern District is not enough. Federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds

---

[2] Because the Trevino Plaintiffs do not meet this requirement, the Court does not address the additional factors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

$75,000. See 28 U.S.C. §§ 1331, 1332. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). Here, the Trevino Plaintiffs are residents of California and Amazon is a Delaware corporation with its corporate headquarters located in Washington. FAC ¶¶ 8-16. The Sherman Plaintiffs reside in California. Compl. ¶¶ 10-37. Therefore, diversity of citizenship exists.

However, the parties have not stated the value of the amount in controversy nor is such amount apparent from the face of the Trevion FAC. Nonetheless, the Court takes judicial notice of that Notice of Removal filed in the Trevino Matter.[3] Notice of Removal, ECF No. 1, 1:18-cv-00120-DAD(BAM) ("Trevino Removal"). The Notice of Removal invokes diversity jurisdiction under the Class Action Fairness Act (CAFA) and explains that the amount in controversy exceeds $5 million, the number of putative class members is 100 or greater, and diversity of citizenship exists between one or more plaintiffs and one or more defendants. Trevino Removal, 3.

Therefore, the Court finds independent grounds for jurisdiction.

       (B)    *Common Question of Law and Fact*

Even though the Court finds that there are independent grounds for jurisdiction, there needs to be a common question of fact or law between the intervenor's claim and the original plaintiff's claim. Freedom from Religion Found., Inc. v. Geithner, 644 F.3d. 836, 843 (9th Cir. 2011). Here, the Trevino Plaintiffs again argue that there is substantial overlap between their case and Sherman. Mot. Int. 13-14. However, the Court has not found there to be any substantial overlap as discussed in Section III.C.1(A). Therefore, there is not a common question of fact or law; this factor weighs against permissive intervention.

Given the Court's finding that the Trevino Plaintiffs have no right to intervention and no permissive intervention due to lack of independent jurisdiction and a common

---

[3] A court may take judicial notice of facts that are readily determinable from accurate sources. Fed. R. Evid. 201(b)(2). Judicial notice is appropriate for court records. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1329 JVS (KESx) | Date | 10/21/2019 |
| Title | Trevion Sherman, et al. v. Amazon.com Services, Inc. | | |

question of law and fact, the court **denies** the Trevino Plaintiffs' Motion to Intervene.

### D.   Motion to Stay

Having denied the Trevino Plaintiffs' Motion to Intervene, the Court does not reach the Motion to Stay.

### IV.   CONCLUSION

For the foregoing reasons, the Court **grants in part and denies in part** the Motion to Dismiss, **denies** the Motion to Intervene and **vacates** and does not reach the Motion to Stay.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |