# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TREVINO, CHRISTOPHER WARD, LINDA QUINTEROS, ROMEO PALMA, BRITTANY HAGMAN, ALBERTO GIANNINI and JUAN C. AVALOS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN STATE FC LLC, a Delaware Limited Liability Company; AMAZON.COM, INC., a Delaware Corporation, AMAZON FULFILLMENT CENTERS, INC., a Delaware Corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | **Lead Case No:** 1:18-cv-00120-DAD-BAM<br><br>**Member Case:** 1:18-cv-00121-DAD-BAM<br>**Member Case:** 1:18-cv-00567-DAD-BAM<br>**Member Case:** 1:18-cv-01176-DAD-BAM<br>**Member Case:** 1:17-cv-01300-DAD-BAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. No. 118) |

Currently before the Court is Defendants Golden State FC LLC (now known as Amazon.com Services LLC), Amazon.com Inc., and Amazon Fulfillment Services, Inc.'s (now known as Amazon.com Services, LLC) ("Defendants") request pursuant to Local Rule 141 to seal portions of their opposition to the motion for class certification and Exhibits X and Y to the Declaration of Katherine V.A. Smith. (Doc. No. 118.) Plaintiffs Juan Trevino, Romeo Palma, Juan C. Avalos, Brittany Hagman, Alberto Gianini, Christopher Ward, and Linda Quinteros ("Plaintiffs") were served with a copy of the request and did not file an opposition. For the reasons that follow, Defendants' request for filing under seal is granted in part and denied in part.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records

1

and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)).

Under the "compelling reasons" standard:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

2

*Kamakana*, 447 F.3d at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

## II. DISCUSSION

Here, because the motion for class certification is more than tangentially related to the merits of the underlying action, the Court applies the "compelling reasons" standard in evaluating Defendants' request to seal. *See Larson v. Harman-Management Corp.*, 2018 WL 623592, at *2 (E.D. Cal. Jan. 30, 2018) (applying compelling reasons standard to request to seal documents filed in connection with motion for class certification); *Racies v. Quincy Bioscience, LLC,* 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017) (same).

Defendants request permission to seal page 6 line 28 to page 7 line 1 of their opposition to Plaintiffs' motion for class certification and Exhibits X and Y to the Declaration of Katherine V.A. Smith filed in support thereof. Defendants contend that the information at issue should be sealed because it contains confidential policies that detail competitively sensitive human resources practices relating to employee development and discipline. (Doc. No. 118.) Defendants further represent that they take "concerted efforts to maintain the confidentiality of these documents." (*Id.*) Defendants have provided a declaration from a representative explaining why they seek to maintain the confidentiality of specific information contained in the particular exhibits and portions of the opposition under seal, as well as the efforts made to maintain this information confidentially.

The Court finds that Defendants have made a particularized showing with respect to sealing page 6 line 28 to page 7 line 1 of their opposition to Plaintiffs' motion for class

certification and Exhibits X and Y to the Declaration of Katherine V.A. Smith. These documents include confidential information regarding Defendants' policies and procedures and the disclosure of this information could case Defendants competitive harm. *See In re High-Tech Employee Antiturst Litigation,* 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (sealing portions of a motion for class certification that included the defendants' compensation and recruiting strategies, policies, and procedures, because disclosure could cause competitive harm); *see also Frost v. LG Electronics, Inc.,* 2017 WL 6044067, at *2 (N.D. Cal. Nov. 28, 2017) (finding compelling reasons to seal documents that contained "sensitive and proprietary information regarding [the defendants'] internal human resources policies and practices."); *Felix v. Davis Moreno Const., Inc.*, 2008 WL 3009867, at *1 (E.D. Cal. Aug. 1, 2008) ("A Court may order the sealing of court records when they contain confidential or otherwise sensitive business information."). The Court also finds that the request is narrowly tailored, and Defendants have adequately articulated compelling reasons for maintaining confidentiality of the information at issue given the potential harm that may result from public disclosure. [1]

      Defendants additionally request that "access to the sealed contents . . . be restricted to the Court and any Parties authorized pursuant to Section 7 of the Stipulated Protective Order at issue in this case." (Doc. No. 118.) The parties' stipulated protective order in this case identifies several individuals in addition to the Court and its personnel who may review information that has been designated as confidential. (*See* Doc. No. 89.) Local Rule 141(a) provides that access to documents filed under seal is restricted to the Court and authorized court personnel. Accordingly, Defendants' request to allow any individuals identified in the parties' stipulated protective order other than the Court and its authorized personnel to access the sealed documents will be denied.

      Finally, Defendants request that the Court "authorize the sealing of any future filings

---

[1] Defendants filed redacted versions of the opposition to the motion for class certification and Declaration of Katherine V.A. Smith concurrently with their request to seal. (*See* Doc. No. 119.) Defendants are reminded that Local Rule 140 prohibits such redactions absent Court authorization. However, because request to seal will be granted, the Court authorizes the redactions *nunc pro tunc*.

4

containing, excerpting, or citing to these documents." (Doc. No. 118.) Local Rule 141(a) provides, "[t]o ensure that documents are properly sealed, specific requests to seal must be made even if an existing order, statute, or rule requires or permits the sealing of the document." The Court must separately consider each request to file documents under seal and any opposition received in order to determine if the requesting party has met both the compelling reasons standard to file under seal as well as the procedural requirements of Local Rule 141. *Casas-Montejano v. Holder,* 2011 WL 3320532, at *1-2 (E.D. Cal. July 28, 2011). Accordingly, Defendants' request that the Court authorize the sealing of any future filings referencing the documents at issue is overbroad and will be denied.

### III. CONCLUSION

Accordingly, compelling reasons being shown, IT IS HEREBY ORDERED:

1. Defendants' Request to Seal is GRANTED;

2. As Defendants' opposition to the motion for class certification (Doc. No. 119) and the Declaration of Katherine V.A. Smith in support thereof (Doc. No. 119-2) were filed as contiguous documents, these documents shall be filed and maintained under seal in their entirety. Counsel shall comply with Local Rule 141 regarding disposition of the document for sealing;

3. Defendants' request to allow individuals identified in the parties' stipulated protective order other than the Court and its authorized personnel to access the sealed documents is DENIED; and

4. Defendants' request to authorize the sealing of any future filings containing, excerpting, or citing to the sealed documents is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 3, 2020**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE