MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800 | Facsimile:  949.451.4220

JASON C. SCHWARTZ (admitted *pro hac vice*)
  jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500 | Facsimile:  202.467.0539

KARL G. NELSON (admitted *pro hac vice*)
  knelson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-2923
Telephone:  214.698.3100 | Facsimile:  214.571.2900

KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
HELEN AVUNJIAN, SBN 300284
  havunjian@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000 | Facsimile:  213.229.7520

Attorneys for Defendants GOLDEN STATE FC LLC
(now known as AMAZON.COM SERVICES LLC),
AMAZON.COM, INC. and AMAZON FULFILLMENT
SERVICES, INC. (now known as AMAZON.COM
SERVICES LLC)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JUAN TREVINO, CHRISTOPHER WARD, LINDA QUINTEROS, ROMEO PALMA, BRITTANY HAGMAN, ALBERTO GIANINI, and JUAN C. AVALOS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN STATE FC LLC, a Delaware Limited Liability Company; AMAZON.COM INC., a Delaware Corporation, AMAZON FULFILLMENT CENTERS, INC. a Delaware Corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | **LEAD CASE NO. 1:18-cv-00120-DAD (BAM)**<br>Member Case No: 1:18-cv-00121-DAD-BAM<br>Member Case No: 1:18-cv-00567-DAD-BAM<br>Member Case No: 1:18-cv-01176-DAD-BAM<br>Member Case No: 1:17-cv-01300-DAD-BAM<br><br>**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>**Hearing:**<br>Date:  March 27, 2020<br>Time:  9:00 AM<br>Place:  Courtroom 8<br>Judge:  Honorable Barbara A. McAuliffe |

Contrary to Plaintiffs' notice of supplemental authority (Dkt. 137), the California Supreme Court's certified-question decision in *Frlekin v. Apple Inc.*, No. S243805, 2020 WL 727813 (Cal. Feb. 13, 2020), provides no support for their bid to certify a sweeping class of more than 200,000 Amazon associates. *Frlekin* was not a class certification decision, and what insights it provides about California law do not change the fundamental defect in Plaintiffs' class certification motion: namely, there is no way to assess at a class trial whether and to what extent Amazon associates were subject to security screening, and thus no way to assess in one stroke whether such screening resulted in compensable time or interfered with Amazon's provision of meal and rest breaks.

Contrary to Plaintiffs' characterization of the decision, *Frlekin* did not establish a bright-line rule for determining whether time spent passing through security screenings is compensable under California law. Rather, the California Supreme Court adopted a fact-specific test under which "courts may and should consider" several "relevant factors" when determining "whether an employee is subject to the employer's control" during security screening. *Id.* at *10. Applying that test to the facts before it, the Court in *Frlekin* determined that Apple controlled its employees during security screenings because they were "confine[d] . . . to the premises" for a lengthy period of time, were required "to perform specific and supervised tasks," *id.* at *4, and could not avoid the screenings "as a practical matter," *id.* at *9.

In this case, the record here is clear that, for significant numbers of putative class members, Amazon's security screenings were materially less invasive than those in *Frlekin*; indeed, the screenings often took *no time at all*. As the evidence Amazon submitted in opposition to class certification shows, many Amazon associates would simply walk through a metal detector without even breaking stride. *See, e.g.*, Dkt. 120 at 12, 54–55, 116; Dkt. 121 at 18, 48, 120, 165; Dkt. 122 at 163. Nothing in *Frlekin* suggests that security screening which is tantamount to walking through a door without stopping constitutes compensable time or an impermissible restriction on break time, yet Plaintiffs' certified class would include large numbers of Amazon associates whose security screenings consisted of no more than that.

To be sure, on some occasions associates may have needed to wait briefly to walk through security, but Amazon actively works to eliminate such delays, such as by "flushing" the security lines

if they get too long and allowing associates to walk through metal detectors without stopping. Dkt. 119-6 at 3. Amazon also provided free on-site lockers that allowed associates to store their personal belongings so that they can walk through security unimpeded. Dkt. 121 at 36, 118; Dkt. 122 at 84; Dkt. 123 at 278–79. And even when associates set off the metal detector, they received only a brief secondary screening lasting from 20 seconds to a minute. Dkt. 121 at 165, 191; Dkt. 122 at 39.

By contrast, the screenings in *Frlekin* required employees to flag down a security guard or manager, wait until they were available to conduct the search, and actively assist as the security guard or manager searched each individual compartment of the employee's bag and even checked the serial number of any Apple devices possessed by the employee. *Frlekin*, 2020 WL 727813, at *1. This process purportedly took anywhere from 5 to 20 minutes, and in some cases up to 45 minutes. *Id.* at *2. Moreover, the employees in *Frlekin* could avoid the screening process only by foregoing what the court described as the practical necessity of bringing a bag or Apple device to work. *Id.* at *9. Nothing of the sort has been alleged, much less proven, here. And most importantly, given the significant variations in the nature of the security screenings at Amazon's facilities, there is no feasible way to apply the factors identified in *Frlekin* across the entire putative class here. *See* Dkt. 119, at 11.

In sum, *Frlekin* does not impact the key question before this Court, which is whether Rule 23's "stringent requirements for certification"—requirements that "in practice exclude most claims"—are satisfied here. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013). They are not: even if some Amazon associates at facilities with security experienced occasional, potentially compensable delays due to long lines or secondary screening, Plaintiffs have failed to provide any explanation for how it is possible in a classwide proceeding to identify which associates at which facilities on which days experienced such delays, how often those associates were delayed, under what circumstances, and the duration of the delays. It therefore remains impossible to resolve Plaintiffs' security screening claims on a classwide basis, and the Court should deny their motion for class certification as to this claim and all related claims.

Dated: March 5, 2020

JASON C. SCHWARTZ
MICHELE L. MARYOTT
KARL G. NELSON
KATHERINE V.A. SMITH
HELEN AVUNJIAN
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Katherine V.A. Smith*
          Katherine V.A. Smith

Attorneys for Defendants
GOLDEN STATE FC LLC (now known as AMAZON.COM SERVICES LLC), AMAZON.COM, INC. and AMAZON FULFILLMENT SERVICES, INC. (now known as AMAZON.COM SERVICES LLC)