1  PETER R. DION-KINDEM (SBN 95267)
   THE DION-KINDEM LAW FIRM
2  PETER R. DION-KINDEM, P. C.
3  2945 Townsgate Road, Suite 200
   Westlake Village, CA 91361
4  Telephone:   (818) 883-4900
5  Email:        peter@dion-kindemlaw.com

6  Attorneys for Plaintiff Juan Trevino

7  *[Additional counsel listed in signature lines at end of document]*

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

| Juan Trevino, Christopher Ward, Linda Quinteros, Romeo Palma, Brittany Hagman, Alberto Gianini, and Juan C. Avalos, on behalf of themselves and all others similarly situated, | **LEAD CASE NO. 1:18-cv-00120-DAD-BAM**<br>Member Case No: 1:18-cv-00121-DAD-BAM<br>Member Case No: 1:18-cv-00567-DAD-BAM<br>Member Case No: 1:18-cv-01176-DAD-BAM<br>Member Case No: 1:17-cv-01300-DAD-BAM<br>**CLASS ACTION** |
|---|---|
| Plaintiffs, | |
| v. | **PLAINTIFFS' OBJECTIONS AND RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| GOLDEN STATE FC LLC, a Delaware Limited Liability Company; AMAZON.COM INC., a Delaware Corporation, AMAZON FULFILLMENT SERVICES, INC. a Delaware Corporation, and Does 1 through 10, inclusive, | *Motion for Class Certification Hearing:*<br>Date:      April 17, 2020<br>Time:      9:00 a.m.<br>Crtrm:     8 |
| Defendants. | |

Plaintiffs Juan Trevino, Christopher Ward, Linda Quinteros, Romeo Palma, Alberto Gianini, and Juan C. Avalos, on behalf of themselves and all other similarly situated employees of Defendants Golden State FC, LLC, Amazon.Com Inc, and Amazon Fulfillment Services, Inc. ("Defendants") hereby submit this Objections and Response to Defendants' Notice of Supplemental Authority ("Defendants' Notice") filed on March 26, 2020. (ECF No. 140).

Defendants' Notice requests the Court to take notice of two recently decided Ninth Circuit cases, *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 2020 WL 946973 (9th Cir. Feb. 27, 2020) and *Mays v. Wal-Mart Stores, Inc.*, 2020 WL 1277642 (9th Cir. Mar. 17, 2020) (unpublished). Defendants

incorrectly assert that these cases bear upon the certification of Plaintiffs' claims for inaccurate wage statements. Defendants argue, by citing to Plaintiffs' motion for Class Certification briefing arguments and language from the *Mays* and *Ramirez* cases, that Article III standing requires a showing of actual injury to each class member to certify the wage statement Class and claims. (ECF No. 140, pages 1-2).

The entirety of Defendants' Notice is argument which vastly exceeds the scope of what can or should be included in a notice of supplemental authority. Defendants' Notice is a veiled attempt to submit unauthorized supplemental briefing. Defendants did not seek leave of Court to provide supplemental briefing, and Judge Drozd's standing order specifically instructs that "no supplemental briefing shall be filed without prior leave of court." Accordingly, while the Court is free to consider the *Mays* and *Ramirez* holdings, it should do so without considering any of Defendants' unauthorized arguments as to their application, which should be stricken. (*See, e.g., United States v Biotronik* (E.D. Cal., April 20, 2016, No. 2:14-cv-02407-KJM-EFB) 2016 WL 1587215, at *4 ("Bennett objected to the supplemental brief. ECF No. 55. At hearing, the court struck all but the first paragraph of Biotronik's supplemental brief by bench order, an order the court confirms here: all but the first eight lines of page one identifying supplemental authority are stricken. 'No supplemental briefs shall be filed without prior leave of court." Standing Order 4, ECF No. 14-1.' "); *Church v. Rouillard* (E.D. Cal., July 11, 2016, No. 215CV02165KJMEFB) 2016 WL 3688422, at *6, fn. 2 ("Plaintiffs cited this case in a Notice of Supplemental Authority, which plaintiffs filed after hearing without leave of court. ECF No. 36. Defendant objects to the filing as unauthorized supplemental briefing. ECF No. 37. The court considers the authority but disregards the accompanying argument.").)

Defendants' arguments regarding the *Mays* and *Ramirez* cases are also objectionable as irrelevant because, as the Ninth Circuit has previously held, and *Mays* and *Ramirez* both recognize, only the representative plaintiff need allege standing at the class certification stage: "This Court has previously held that only the representative plaintiff need allege standing at the motion to dismiss and class certification stages, *see In re Zappos.com, Inc.*, 888 F.3d 1020, 1028 n.11 (9th Cir. 2018); *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015)" (*Ramirez v. TransUnion LLC* (9th Cir. 2020) 951 F.3d 1008, 1023; *see also Mays v. Wal-Mart Stores, Inc.* (9th Cir., Mar. 17, 2020, No. 19-

55318) 2020 WL 1277642, at *1; *Neale v. Volvo Cars of North America, LLC* (3d Cir. 2015) 794 F.3d 353, 362 (holding that "unnamed, putative class members need not establish Article III standing" in damages action at class certification stage).)

If, despite Defendants' objectionable supplemental briefing, the Court determines it is appropriate to consider Defendants' citations and arguments as to *Mays* and *Ramirez*, Plaintiffs submit there is nothing in the *Mays* decision that holds that the "deemed to suffer injury" provisions of Section 226(e) does not create an "injury" for Article III purposes. Indeed, Defendants mis-cite *Mays*, which never even discussed that provision. *Mays* is also distinguishable in that the Section 226(a)(8) violation in that case, which involved the minor misstating of the employer's name on a wage statement, was deemed by the court as "trivial" "lacking in real world consequences" and thus not implicating the concrete interest that Section 226 was designed to protect.

The Court in *Mays* recognized that Section 226 was "[m]eant to provide workers with transparency about their compensation to protect them from being cheated of their earned wages…" (*Mays* at *2.) In stark contrast to the Section 226(a)(8) claim in *Mays*, Plaintiffs' direct Section 226(a)(2) claim is based on Amazon's failure to correctly state total hours worked on employees' wage statements, which, as the opposite of transparency, obfuscates an employee's ability to correctly calculate the hours worked and compensation owed and directly implicates the "transparency" interest that 226 was intended to protect. *Mays* is also unpublished, providing further grounds for not considering it.

Finally, Defendants' Article III standing defense is clearly a defense that can and should be resolved on a class-wide basis. Defendants' "merits-based" argument regarding the issue should not be considered at the certification stage. Rather, after the Section 226(a)(2) claim is certified, Defendants can raise the "standing" defense thereto if they so wish.

Dated: March 27, 2020						The Dion-Kindem Law Firm

								By: /s  Peter R. Dion-Kindem
									Peter R. Dion-Kindem, P.C.
									Peter R. Dion-Kindem

**Plaintiffs' Objections and Response to Defendants' Notice of Supplemental Authority**

The Blanchard Law Group, APC

By: /s Lonnie C. Blanchard III
       Lonnie C. Blanchard III

Attorneys for Plaintiffs

DAVID YEREMIAN & ASSOCIATES, INC.

By: /s David Yeremian
       David Yeremian
       Alvin B. Lindsay

Attorneys for Plaintiffs

JAMES HAWKINS APLC.

By: /s Isandra Fernandez
       James Hawkins
       Isandra Fernandez

Attorneys for Plaintiffs

HAFFNER LAW PC

By: /s Graham G. Lambert
       Joshua H. Haffner
       Graham G. Lambert

Attorneys for Plaintiffs

THE WESTRICK LAW FIRM, P.C.

By: /s Shawn C. Westrick
       Shawn C. Westrick

Attorneys for Plaintiffs