MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800 | Facsimile: 949.451.4220

JASON C. SCHWARTZ (admitted *pro hac vice*)
  jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500 | Facsimile: 202.467.0539

KARL G. NELSON (admitted *pro hac vice*)
  knelson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX 75201-6912
Telephone: 214.698.3100 | Facsimile: 214.571.2900

KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
HELEN AVUNJIAN, SBN 300284
  havunjian@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000 | Facsimile: 213.229.7520

Attorneys for Defendants GOLDEN STATE FC LLC (now known as AMAZON.COM SERVICES LLC), AMAZON.COM, INC. and AMAZON FULFILLMENT SERVICES, INC. (now known as AMAZON.COM SERVICES LLC)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JUAN TREVINO, CHRISTOPHER WARD, LINDA QUINTEROS, ROMEO PALMA, BRITTANY HAGMAN, ALBERTO GIANINI, and JUAN C. AVALOS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN STATE FC LLC, a Delaware Limited Liability Company; AMAZON.COM INC., a Delaware Corporation, AMAZON FULFILLMENT CENTERS, INC. a Delaware Corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | **LEAD CASE NO. 1:18-cv-00120-DAD (BAM)**<br>Member Case No: 1:18-cv-00121-DAD-BAM<br>Member Case No: 1:18-cv-00567-DAD-BAM<br>Member Case No: 1:18-cv-01176-DAD-BAM<br>Member Case No: 1:17-cv-01300-DAD-BAM<br><br>**NOTICE OF SETTLEMENT OF RELATED, OVERLAPPING ACTION**<br><br>Judge: Magistrate Judge Barbara A. McAuliffe |

Defendants Golden State FC LLC (now known as Amazon.com Services LLC) Amazon.com Inc., and Amazon Fulfillment Services, Inc. (now known as Amazon.com Services LLC) (collectively, "Defendants") submit this notice to inform the Court and Plaintiffs of a multidistrict class action settlement in *In re: Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, Master File No. 14-MC-2504, currently pending in the United States District Court for the Western District Of Kentucky (the "MDL Action"). The settlement in the MDL Action resolves a number of claims that are currently the subject of Plaintiffs' pending motion for class certification in this case on behalf of an overlapping class of individuals for an overlapping time period. *See* Dkt. No. 98.

As Judge Drozd has previously observed, "there is significant overlap between the claims asserted in [this action] and the [MDL Action] that is on appeal before the Sixth Circuit. Of the seven causes of action in [this action], the first three are based on the impact of defendants' security procedures and how those procedures affect whether: defendants paid the wages paid for the hours worked, including overtime (claim 1); defendants provided lawful meal periods (claim 2); defendants provided lawful rest periods (claim 3)." Dkt. No. 71 at 10. Judge Drozd also stated that, "As in [the MDL Action], the fourth and fifth claims in [this action], which allege wage statement violations and failure to timely pay wages due at termination, are in part dependent on the violations alleged in the first three causes of action." *Id*. at 11. Judge Drozd also found that the MDL Action includes claims on behalf "of all current and former hourly, nonexempt warehouse employees of [Defendants] in California from December 19, 2009 to the present," and "[t]he complaint . . . before this court contemplates a class of all non-exempt employees of defendants in California between July 12, 2013 and the date of class certification." *Id*. at 10. Judge Drozd further noted that "plaintiffs do not contest that the plaintiffs in [this action] and [the MDL Action] are also substantially similar," and that "[a]ll the actions in the consolidated action pending before [Judge Drozd] were filed [after the MDL Action] . . . [with] [n]one of the plaintiffs disput[ing] that their respective actions were filed after the [MDL [A]ction was initiated." *Id*. at 9–10. Plaintiffs declined to coordinate this case as part of the MDL Action. *Id*. at 3–4; *Hagman et al. v. Amazon Fulfillment Servs., Inc. et al*., No. 1:18-cv-01176, Dkt. No. 23 (C.D. Cal. Jan. 4, 2018).

The MDL Action settlement will have a substantial impact on this case, specifically including resolution (in whole or in part) of the following claims asserted by Plaintiffs during the alleged class period: (1) Failure to Pay Wages for All Hours Worked, Including Overtime, Lab. Code §§ 510–511 (predicated on Plaintiffs' security screening claims); (2) Failure to Provide Lawful Meal Periods, IWC Wage Order, Lab. Code §§ 226.7, 512 (predicated on Plaintiffs' security screening claims); (3) Failure to Provide Rest Periods, IWC Wage Order, Lab. Code §226.7 (predicated on Plaintiffs' security screening claims); (4) Wage Statement Violations, Lab. Code §226; and (5) Failure to Timely Pay Wages Due At Termination, Lab. Code §203 (predicated on Plaintiffs' security screening claims). *Compare* Dkt. No. 65 [First Amended Consolidated Complaint] *with* Declaration of Katherine V.A. Smith ¶ 2, Ex. A at 8–10 [MDL Action settlement agreement].

The MDL Action plaintiffs filed their motion for preliminary approval of the settlement on April 30, 2020, and the preliminary approval hearing is not yet scheduled.  In light of the settlement in those proceedings, any determination about the propriety of class certification in this case at the present time is premature because approval of the settlement in the MDL Action will resolve many of Plaintiffs' claims and alter the scope of any claims that may remain.  Additionally, members of the *Trevino* putative class are also members of the MDL Action settlement class and, thus, would be eligible for appropriate compensation under the settlement agreement in the MDL Action.  To the extent claims remain, or to the extent members of the putative class in this case do not participate in a settlement of the MDL Action, the individuals and claims that may remain to be litigated in this forum will be clearer once the MDL Action settlement is finalized.

The Court has scheduled a hearing on Plaintiffs' class certification motion for May 8, 2020.  In light of this significant development in the MDL Action, Defendants submit that judicial economy would be promoted if the Court were to wait until a ruling on settlement approval in the MDL Action is made before holding argument on and resolving Plaintiffs' class certification motion.  Defendants also believe that the Court would benefit from supplemental briefing from both parties after the settlement in the MDL Action receives final approval.

| | |
|---|---|
| Dated: April 30, 2020 | Respectfully submitted, |

JASON C. SCHWARTZ
MICHELE L. MARYOTT
KARL NELSON
KATHERINE V.A. SMITH
HELEN AVUNJIAN
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Katherine V.A. Smith*
       Katherine V.A. Smith

Attorneys for Defendants GOLDEN STATE FC LLC (now known as AMAZON.COM SERVICES LLC), AMAZON.COM, INC. and AMAZON FULFILLMENT SERVICES, INC. (now known as AMAZON.COM SERVICES LLC)