PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:    (818) 883-4900
Email:        peter@dion-kindemlaw.com

Attorneys for Plaintiffs

[Additional counsel listed in signature line at end]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Trevino, Christopher Ward, Linda Quinteros, Romeo Palma, Brittany Hagman, Alberto Gianini, and Juan C. Avalos, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>GOLDEN STATE FC LLC, a Delaware Limited Liability Company; AMAZON.COM INC., a Delaware Corporation, AMAZON FULFILLMENT SERVICES, INC. a Delaware Corporation, and Does 1 through 10, inclusive,<br><br>  Defendants. | **LEAD CASE NO. 1:18-cv-00120-DAD-BAM**<br>Member Case No: 1:18-cv-00121-DAD-BAM<br>Member Case No: 1:18-cv-00567-DAD-BAM<br>Member Case No: 1:18-cv-01176-DAD-BAM<br>Member Case No: 1:17-cv-01300-DAD-BAM<br><br>**Plaintiffs' Supplemental Brief Regarding Impact of Proposed MDL Settlement on Plaintiffs' Motion For Class Certification** |

**Plaintiffs' Supplemental Brief Regarding Impact of MDL Settlement**

## I.   ARGUMENT FOR PROCEEDING WITH CLASS CERTIFICATION

Amazon is so concerned with facing a certified class of hundreds of thousands of California employees that it reverse-auctioned a vastly undervalued settlement in a stagnant MDL proceeding in Kentucky. Amazon then specifically drafted the release in an attempt to encompass all of Plaintiffs' class and representative PAGA claims in this action. Amazon's counsel gave notice of this proposed settlement (ECF No. 145) and asked the Court to improvidently put this case on hold so it can attempt to push the Kentucky settlement through in a desperate effort to avoid an adverse class certification ruling against it. The Court requested the parties to provide supplemental briefing addressing the impact of the Kentucky MDL Settlement on the proposed classes in these consolidated California actions. (ECF No. 146). Plaintiffs respectfully submit that assessment of the proposed Settlement of the remaining claims by the Kentucky MDL Plaintiff should have no bearing on proceeding with the Class Certification hearing in this action.

Plaintiffs were preparing for the fast-approaching and twice continued hearing on their Motion for Class Certification on May 8, 2020 when Amazon's attorneys requested the Court to defer its class certification ruling pending the Kentucky approval process. This litigation has been hard fought, including completing substantial contested discovery in the separate actions and in the consolidated action, compelling Amazon to produce comprehensive class data, opposing motions to compel, defeating numerous attempts by Amazon to move the case to delay the matter, hiring an expert and deposing numerous Amazon representatives and its experts. The parties engaged in a mediation in February 2020 that was ultimately unsuccessful.  Amazon then ran to Kentucky to avoid an adverse certification ruling.

The parties also fully briefed the motion for class certification and provided and responded and objected to Notices of Supplemental Authority. This included notice regarding the applicability of the California Supreme Court's recent decision in *Frlekin v. Apple Inc.* (2020) 8 Cal.5th 1038 [258 Cal.Rptr.3d 392, 457 P.3d 526], *reh'g denied (May 13, 2020)*. (ECF No. 137). Plaintiffs gave notice of this binding authority because *Frlekin* has direct bearing on the Court's class certification ruling by instructing that time spent during mandatory security screenings is compensable. The California

1    Supreme Court's *Frlekin* ruling conformed with its earlier pronouncement in *Troester v. Starbucks*

2    *Corp.* (2018) 5 Cal.5th 829 [235 Cal.Rptr.3d 820, 421 P.3d 1114], *as modified on denial of reh'g (Aug.*

3    *29, 2018)* ("*Troester*") that California does not follow the *de minimis* doctrine applied in federal courts

4    and under the FLSA. Read together, *Frlekin* and *Troester* establish that, contrary to the federal

5    approach and the one applied in the Kentucky MDL action, time spent by California employees during

6    exit security screenings is not *de minimis* and must be compensated as hours worked.

7    The MDL action had been stayed since 2017 when the Western District of Kentucky Court

8    granted Amazon's motion for summary judgment applying the now outdated district court decision in

9    *Frlekin* against the sole remaining plaintiff (Robertson) on her individual claims and she appealed to

10   the Sixth Circuit. This followed a settlement in late 2016 by the other three MDL Plaintiffs and other

11   temporary staffing agency employees (the "*Saldana* Settlement"). Importantly, the *Saldana* Settlement

12   was pre-*Frlekin* and *Troester* and the parties valued that Settlement based on what is now a legally

13   untenable application of the federal approach rather than California law.

14   The proposed MDL settlement for the remaining Robertson claims would expand Robertson's

15   single individual claim back to class and PAGA claims, but does not take into consideration the

16   California Supreme Court's rulings in *Troester* and *Frlekin*. This is, simply stated, not an issue of law

17   that a Kentucky district court should be asked to hear and adjudicate. The responsibility of performing

18   an extremely important Rule 23 analysis for such a watershed issue of California wage and hour law is

19   appropriately before this district court, which is familiar with applicable California law. The

20   application of *Troester* and *Frlekin* as a matter of first impression to almost 200,000 California

21   employes should not be relegated to a cursory review by the Kentucky district court in the approval

22   analysis for a demonstrably insufficient and untenable settlement. Plaintiffs are seeking to intervene in

23   the Kentucky MDL for the purposes of opposing the settlement and asking the Kentucky court to stay

24   resolution of the settlement until this Court has ruled on certification.

25   That the Ninth Circuit deferred to the California Supreme Court and specifically requested it to

26   answer the on-point questions posed in *Troester* and *Frlekin* further reaffirms that this Court, rather

27   than a disinterested Kentucky district court, should be the one to apply that California precedent.

28

**Plaintiffs' Supplemental Brief Regarding Impact of MDL Settlement**

1   The proposed MDL Settlement is the result of a blatant reverse auction and collusive tactics

2 which can hardly be defined as arms'-length and should not be condoned by any court. Indeed,

3 Defendants used the impending class certification hearing in this action as leverage to procure from

4 Robertson's attorneys a hasty and undervalued settlement in a stagnant case on appeal in Kentucky -- a

5 settlement which relies upon outdated California law and is based on no analysis of the true potential

6 liability facing Amazon in this case. The proposed MDL Settlement is objectively unreasonable, as it

7 relies on a legally untenable valuation of the claims and an assignment of risk and bargaining power to

8 the parties that is improvidently based on the 2016 *Saldana* Settlement and the Kentucky district

9 court's application of the *Frlekin* district court's decision. The Ninth Circuit requested the California

10 Supreme Court to answer the question of whether exit security screening time is compensable under

11 California law. In its responsive *Frlekin* ruling, the California Supreme Court held that such time is

12 compensable under California law, thus expressly overruling the *Frlekin* district court's opinion. The

13 valuation behind the 2016 *Saldana* MDL Settlement and the basis for Amazon's summary judgment

14 victory against the remaining Robertson MDL Plaintiff in Kentucky were therefore founded upon a

15 fatal misapplication of California law.

16   After a cursory treatment of this change in California law, the only alleged grounds the

17 Robertson attorneys offer for accepting Amazon's proposed settlement of the MDL Action at such a

18 low average recovery for the Class members is the alleged risk that they would lose the summary

19 judgment appeal. They also note the Robertson MDL Settlement tracks with the valuation approved in

20 the *Saldana* Settlement in 2016. The MDL Settlement and motion for its preliminary approval are

21 otherwise devoid of any grounds for objectively valuing the claims and the parties' relative bargaining

22 positions. Amazon and Robertson also provide no evidence that they enlisted the assistance of a neutral

23 third-party mediator to reasonably value and assess their bargaining positions or the strengths and

24 weaknesses of the class and PAGA claims. There is no evidence that Robertson engaged in any

25 reasonable valuations of the classes' potential recoveries in view of the change in the law since 2016,

26 which has diametrically shifted the parties' bargaining positions in Plaintiffs' favor following *Troester*

27 and *Frlekin*.

28

**Plaintiffs' Supplemental Brief Regarding Impact of MDL Settlement**

Amazon's attorneys contend that the proposed MDL Settlement resolves ("in whole or in part") a number of claims in this action and that this California Court should await the Kentucky court's ruling on the MDL Settlement before proceeding with the class certification hearing here. In fact, the exact opposite is true. Plaintiffs have therefore filed a motion to intervene in the Kentucky MDL proceedings to oppose the preliminary approval of the proposed MDL Settlement and asked that the Kentucky district court stay the ruling on the motion for preliminary approval pending the issuance of this Court's ruling on Plaintiffs' motion for class certification. (See moving papers attached as Exhibit 1 to Dion-Kindem Declaration submitted herewith.) The Motion to Intervene provides further detailed arguments as to why the proposed MDL Settlement should not be preliminarily approved and why the motion for class certification should proceed through ruling in this action. This includes arguments based on the change in the law and the collusion and the other bad faith overreaching that permeates and infects the proposed MDL Settlement.

The Court's stated purpose for the present briefing is not to evaluate the reasonableness, or lack thereof, of the proposed MDL settlement. The task at hand is to address the potential impact the proposed Settlement in the Kentucky MDL proceedings may have on the proposed California classes in this consolidated action. The Court, however, must necessarily assess the fundamental unfairness of the proposed MDL Settlement because Amazon is attempting to use it to moot this Court's class certification inquiry. Under the guise of promoting judicial economy, Amazon is attempting to avoid an adverse class certification ruling in this California forum that would authorize hundreds of thousands of California employees to proceed on a class basis with claims bolstered by the new California Supreme Court precedent in their favor.[1] The motion for class certification in this action has been fully briefed and is ready for hearing. If this Court does not rule on Plaintiffs' motion and provide a perspective of how a court applying California substantive law views the evidence and arguments for class treatment under California law, then the Kentucky district court will be asked to do so under incongruous

---

[1] The MDL Settlement was executed by the Defendants on April 28, 2020 and by Plaintiff Robertson on April 30, 2020, the same day that Motion for Preliminary Approval was filed with the Kentucky District Court. (See Ex. A. to Declaration of Katherine Smith in Support of Notice of Settlement.)

1  settlement circumstances that imperil the fundamental rights of hundreds of thousands of California

2  employees. The Rule 23 requirements for class certification are not dispensed with under the approval

3  process and must be applied rigorously. (*See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S. 338,

4  350–351 [131 S.Ct. 2541, 2551–2552, 180 L.Ed.2d 374].) This Court is better suited to conduct this

5  rigorous application of California law in a motion for class certification context than a Kentucky

6  district court is in the process of approving a settlement that is objectively unreasonable under

7  California law, especially when the Kentucky district court is poised to possibly again misapply that

8  California law.

9        Therefore, as Plaintiffs have asserted in their Motion to Intervene, even conditional class

10  certification cannot be realistically and reasonably assessed or satisfied under the factual and legal

11  background the MDL parties have presented in their proposed Settlement. The most efficient way for

12  the Kentucky district court and parties to assess the reasonableness of the proposed MDL Settlement,

13  which must hinge on surviving a rigorous scrutiny under Rule 23, is to defer or otherwise stay any

14  ruling on the motion for preliminary approval in the MDL proceedings pending the result of the

15  hearing on Plaintiffs' motion for class certification in this action.

16       The MDL Settlement, as Robertson's counsel acknowledge in the motion for preliminary

17  approval, is almost identical to the *Saldana* Settlement from 2016, with terms and valuation based on a

18  legal and valuation construct which substantially pre-date the controlling *Troester* and *Frlekin* rulings.

19  Amazon and Robertson's complicit attorneys are attempting to push through an objectively

20  undervalued settlement. They seek a broad release based on the misapplication of outdated California

21  law in a Kentucky district court, which previously approved the almost identical *Saldana* Settlement

22  from 2016. While the proposed MDL Settlement may undoubtedly be favorable to Amazon and

23  Plaintiff Robertson's counsel, it is a disservice to the approximately 200,000 employees in the

24  California classes.

25

26

27

28

**Plaintiffs' Supplemental Brief Regarding Impact of MDL Settlement**

## II. IT IS PREMATURE FOR THIS COURT TO DETERMINE THE EFFECT OF A SETTLEMENT THAT HAS NOT BEEN PRELIMINARILY OR FINALLY APPROVED, AND THIS COURT SHOULD DEFER ANY RESOLUTION OF SUCH ISSUE UNTIL AFTER PLAINTIFFS' MOTION TO INTERVENE IS DETERMINED.

The MDL Settlement has not been preliminarily or finally approved. The issue of any preclusive effect on the claims in this action is therefore not ripe for determination. This Court should therefore, at a minimum, defer any resolution of the issue until Plaintiffs' motion to intervene is determined.

## III. CONCLUSION

Based on all the documents submitted in support of Plaintiffs' motion for class certification, including the present briefing, and the Motion to Intervene and supporting documents Plaintiffs have filed in the MDL proceedings, Plaintiffs request that the Court proceed with conducting the hearing on Plaintiffs' Motion for Class Certification and rendering its ruling thereon.

Plaintiffs also respectfully submit that this Court should defer any judicial determination regarding the scope of any alleged coverage of the Classes and claims in this action by the proposed MDL Settlement at least until the Kentucky court rules on the Plaintiff's Motion to Intervene.

Attached as Exhibit 2 to Peter R. Dion-Kindem's Declaration filed herewith is an Order from the Court in the MDL proceedings ordering the parties to respond to Plaintiffs' motion to intervene.

Dated: May 22, 2020                    The Dion-Kindem Law Firm

                                         By: /s  Peter R. Dion-Kindem
                                               Peter R. Dion-Kindem, P.C.
                                               Peter R. Dion-Kindem

                                       The Blanchard Law Group, APC

                                       By: /s Lonnie C. Blanchard III
                                           Lonnie C. Blanchard III

                                       DAVID YEREMIAN & ASSOCIATES, INC.

                                       By: /s Alvin B. Lindsay
                                               David Yeremian
                                               Alvin B. Lindsay

**Plaintiffs' Supplemental Brief Regarding Impact of MDL Settlement**

JAMES HAWKINS APLC.

By: /s Isandra Fernandez
       James Hawkins
       Isandra Fernandez

HAFFNER LAW PC

By: /s Graham G. Lambert
       Joshua H. Haffner
       Graham G. Lambert

THE WESTRICK LAW FIRM, P.C.

By: /s Shawn C. Westrick
       Shawn C. Westrick

Attorneys for Plaintiffs