UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TREVINO, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOLDEN STATE FC LLC, et al.,<br><br>　　　　Defendants. | Lead Case No.: 1:18-cv-00120-DAD-BAM (*Trevino*)<br><br>Member Case Nos.:<br><br>1.　1:18-cv-00121-DAD-BAM (*Palma*)<br><br>2.　1:18-cv-00567-DAD-BAM (*Avalos*)<br><br>3.　1:18-cv-01176-DAD-BAM (*Hagman*)<br><br>4.　1:17-cv-01300-DAD-BAM (*Ward*)<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND REFERRING THE PENDING MOTION FOR CLASS CERTIFICATION BACK TO THE MAGISTRATE JUDGE</u> |

　　　　Plaintiffs Juan Trevino, Christopher Ward, Linda Quinteros, Romeo Palma, Alberto Gianini and Juan C. Avalos, on behalf of themselves and all others similarly situated, bring this consolidated class action against defendants Golden State FC, LLC (now known as Amazon.com Services LLC), Amazon.com, Inc., and Amazon Fulfillment Services, Inc. (now known as Amazon.com Services LLC) (collectively, "Amazon"). Plaintiffs moved for class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). (Doc. Nos. 96, 98.) The motion was referred to United States Magistrate Judge Barbara A. McAuliffe for issuance of findings and

1   recommendations in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).  (Doc. No. 112.)
2   Amazon relatedly moved to exclude the testimony and opinions of plaintiffs' expert Dr. Brian
3   Kriegler, which plaintiffs had submitted in support of their pending motion for class certification.
4   (Doc. No. 125.)  Amazon's motion was heard in conjunction with plaintiffs' motion for class
5   certification.  (Doc. No. 126.)

6          On June 8, 2021, the assigned magistrate judge issued findings and recommendations,
7   recommending that plaintiffs' motion for class certification be granted in part and denied in part
8   and that Amazon's motion to exclude plaintiffs' expert Dr. Kriegler be denied as having been
9   rendered moot.  (Doc. No. 166.)  Those findings and recommendations were served on the parties
10  and contained notice that any objections thereto were to be filed within fourteen (14) days after
11  service.  (*Id.*)  Plaintiffs filed objections on June 22, 2021, and Amazon filed a response to those
12  objections on July 2, 2021.  (Doc. Nos. 168, 170.)  Additionally, plaintiffs filed a notice of
13  supplemental authority on August 9, 2021, in which they pointed out that on August 3, 2021, the
14  Ninth Circuit vacated its original decision in *Olean Wholesale Grocery Cooperative, Inc. v.*
15  *Bumble Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021) (*Olean I*) and granted a rehearing *en banc*.
16  (Doc. No. 171.)  Plaintiffs contend that the pending findings and recommendations rely
17  extensively on the now vacated decision in *Olean I,* which had vacated and remanded the district
18  court's granting of motions for class certification, in recommending the denial of certification as
19  to certain classes in this case.  (*Id.*)  On August 23, 2021, defendants filed a response to plaintiffs'
20  notice of supplemental authority, in which they argued that the reasoning and analysis in the
21  pending findings and recommendations remained correct even without reliance on the *Olean I*
22  decision.  (Doc. No. 172 at 2.)

23         On August 27, 2021, the undersigned issued an order staying this case pending the final
24  decision from the Ninth Circuit in *Olean*.  (Doc. No. 173.)  The parties were directed to file a
25  status report with the court within fourteen (14) days of the Ninth Circuit's issuance of a decision
26  in *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC* (No. 19-56514) (*Olean*
27  *II*).  (*Id.*)  On April 8, 2022, the Ninth Circuit issued the *en banc* opinion in *Olean II*.  *See Olean*
28  *Wholesale Grocery v. Bumble Bee Foods LLC* 31 F.4th 651 (9th Cir. 2022) (*en banc*).  On

rehearing *en banc* the Ninth Circuit affirmed the district court's grant of class certification. *Id.* In light of this new *en banc* opinion, on April 12, 2022, plaintiffs filed a notice with the court requesting that the court "lift its stay and consider and apply *Olean II*'s holdings in its *de novo* review of the Magistrate's Findings and Recommendations and Plaintiffs' Objections thereto." (Doc. No. 179 at 3.) On April 13, 2022, the parties filed a joint status report, in which defendants requested the opportunity to file supplemental briefing addressing the decision in *Olean II*. (Doc. No. 180 at 4.) As a result of the potential changed circumstances stemming from the *Olean II* decision as it applies to the pending findings and recommendations, the court will not adopt the findings and recommendations at this time, but instead will refer this matter back to the assigned magistrate judge for consideration of further briefing and the issuance of amended findings and recommendations if necessary.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including the objections, the undersigned declines to adopt the pending findings and recommendations at this time. Instead, out of an abundance of caution, the pending motion for class certification (Doc. Nos. 96, 98) will be referred back to the magistrate judge for further consideration in light of the Ninth Circuit's opinion in *Olean II*.

Accordingly,

1. The court declines to adopt the findings and recommendations issued on June 8, 2021 (Doc. No. 166); and
2. Plaintiffs' motion for class certification (Doc. Nos. 96, 98) and defendants' motion to exclude the testimony of Dr. Kriegler (Doc. No. 125) are referred back to the assigned magistrate judge for the issuance of amended findings and recommendations in light of the Ninth Circuit's *en banc* decision in *Olean II*.

IT IS SO ORDERED.

Dated: **May 4, 2022**

UNITED STATES DISTRICT JUDGE