1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN TREVINO, et al.,                    **LEAD CASE NO. 1:18-cv-00120-KES-BAM**

12            Plaintiffs,                      Member Case No. 1:18-cv-00121
                                               Member Case No. 1:18-cv-00567
13       v.                                    Member Case No. 1:18-cv-01176
                                               Member Case No. 1:17-cv-01300
14   GOLDEN STATE FC LLC, et al.,

15            Defendants.                      **ORDER REGARDING INFORMAL
                                               DISCOVERY DISPUTE**
16
                                               (Docs. 226, 228)
17

18

19          Plaintiffs Juan Trevino, Christopher Ward, Linda Quinteros, Romeo Palma, Alberto

20   Gianini and Juan C. Avalos, on behalf of themselves and all others similarly situated, bring this

21   consolidated class action against defendants Golden State FC, LLC (now known as Amazon.com

22   Services LLC), Amazon.com, Inc., and Amazon Fulfillment Services, Inc. (now known as

23   Amazon.com Services LLC) (collectively, "Amazon").  Plaintiffs moved for class certification

24   pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). (Docs. 96, 98.)  On May 26,

25   2023, following a lengthy procedural history not recounted here, the undersigned issued amended

26   findings and recommendations that recommended granting in part and denying in part the motion

27   for class certification.  (Doc. 205.)  Specifically, the Court recommended the motion for class

28   certification be denied as to the following classes:  Class 1 Unpaid Wage Class (Hours Worked

1

1   Claim Based on Control of Employees through Mandatory Exit Security Procedures); Class 2

2   Unpaid Wages Class (Controlled Meal Periods); Class 3 Meal Period Violations for Controlled

3   Meal Periods; Class 4 Rest Periods Violations for Controlled Rests Periods; Class 5 Improper

4   Rounding Class; and Class 7 (Third Rest Period Class).  The Court recommended granting

5   certification limited to the following classes:  Class 6 (Invalid Second Meal Period Waiver Class);

6   Class 8 (Direct Violation of Section 226(a)(2) Wage Statement Class); Class 9 (Derivative Wage

7   Statement Class); Class 10 (Section 203 Subclass); and Class 11 (UCL Class).  (*Id*.)

8          The amended findings and recommendations were submitted to then-District Judge Ana

9   de Alba.  (Doc. 205.)  On December 1, 2023, due to the elevation of Judge de Alba to the Ninth

10  Circuit Court of Appeals, the case was temporarily reassigned to No District Court Judge (NODJ)

11  until a new district judge was appointed.  (Doc. 208.)  In light of the assignment of the case to No

12  District Court Judge, the Court held a status conference with the parties on January 17, 2024.  The

13  parties agreed to meet and confer to discuss potential settlement parameters and the opening of

14  discovery only on the classes recommended for certification.  (Doc. 215.)

15         On March 14, 2024, due to the appointment of a new district judge, the action was

16  reassigned from No District Court Judge (NODJ) to District Judge Kirk E. Sherriff.  (Doc. 216.)

17  The findings and recommendations remain pending before the currently assigned district judge.

18         On March 20, 2024, the Court held a further status conference to address (1) Plaintiffs'

19  request to reopen discovery and (2) the proposed settlement in the MDL action pending in the

20  Western District of Kentucky:   *In re: Amazon.com, Inc. Fulfillment Center Fair Labor Standards*

21  *Act (FLSA) and Wage and Hour Litigation*, MDL Case No. 3:14-md-2504 (W.D. Ky.).  The

22  Court indicated its willingness to consider reopening discovery only on the claims recommended

23  for class certification and the PAGA claim.  However, before opening such discovery, the Court

24  requested supplemental briefing from the parties concerning Plaintiffs' request to reopen and

25  Amazon's objections to reopening.  (Doc. 219.)

26         On April 19, 2024, Amazon filed a letter brief objecting to Plaintiffs' request to reopen

27  discovery.  (Doc. 226.)

28         On April 23, 2024, Amazon filed a notice indicating that on April 18, 2024, the Honorable

1    David. J. Hale issued a memorandum and order in *In re: Amazon.com, Inc. Fulfillment Center*

2    *Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, MDL Case No. 3:14-md-2504

3    (W.D. Ky.).  Judge Hale lifted the stay of proceedings in that action, denied the *Trevino*

4    Plaintiffs' motion to intervene, and granted preliminary approval of the parties' proposed

5    settlement, including by conditionally certifying the proposed settlement class and subclasses.[1]

6    (Doc. 227.)  According to Amazon, the settlement administrator was to mail out class notice and

7    opt-out forms no later than May 22, 2024.  A final approval hearing was set for August 16, 2024.

8    (Doc. 227 at 24, Ex. 1.)  Amazon anticipates that the settlement will impact several of Plaintiffs'

9    claims in this action predicated on security screening.  (*See* Doc. 145.)  Amazon intends to seek

10   relief from this Court as appropriate if Judge Hale grants final approval of the settlement and

11   enters judgment in the MDL action.  (*Id.*)

12            On April 26, 2024, Plaintiffs submitted their response to Amazon's informal letter brief

13   regarding discovery.  (Doc. 228.)

14            To date, the parties have not provided information concerning the status of *In re:*

15   *Amazon.com, Inc. Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour*

16   *Litigation*, MDL Case No. 3:14-md-2504 (W.D. Ky.), including the status of the final approval

17   hearing and any impact on the pending action.

18   ///

19   _____

20   [1] Judge Hale conditionally certified the following class for settlement purposes:

21        All non-exempt employees employed by Amazon in California who worked at an
          Amazon.com warehouse facility (fulfillment centers and sortation centers) ("Covered
22        Facilities") from October 1, 2012, until the date that the preliminary approval of the
          proposed settlement is ordered ("Class Members").

23              (a)  The Pre-May 2013 Subclass is defined as:  Those Class Members who were
24                   employed by Amazon in California and who worked at an Amazon.com
                     Covered Facility from October 1, 2012, through April 30, 2013.

25              (b)  The Post-May 2013 Subclass is defined as:  Those Class Members who were
26                   employed by Amazon in California and who worked at an Amazon.com
                     Covered Facility from May 1, 2013, until the date that the preliminary
27                   approval of the proposed settlement is ordered.

28   (Doc. 227 at 23, Ex. 1.)

**Informal Discovery Dispute**

   **A.  Amazon's Position**

   Amazon maintains that any discovery is premature while they await a ruling from Judge Sherriff on class certification.  Nonetheless, Amazon has offered to (1) partially refresh its prior production of pay, time and lenel ("badge swipe") data, (2) produce additional wage statements, and (3) produce additional data related to Plaintiffs' meal period waiver claim.  The parties reportedly have agreed on the appropriate cut-off date for Amazon's data productions, so long as Amazon provides declarations confirming various dates related to the conduct at issue, which Amazon has agreed to do.[2]  The parties also reportedly have agreed that Amazon need only produce wage statements "that it can reasonably locate dated between July 12, 2016 and December 31, 2018 that do not include a specific line item for total hours worked."  (Doc. 226 at 1.)

   Amazon indicates that for two of the disputed issues—the scope of Amazon's supplemental production of pay, time, and badge swipe data, as well as data related to Plaintiffs' second meal period waiver claim—Amazon has proposed production of the following:

- Updated pay, time, and badge swipe data for Plaintiffs' worksites through September 30, 2020, the last day that any of the allegedly unlawful practices were still in place.

- Employee IDs, separation dates, and time and pay data for employees who were onboarded before November 12, 2018 (the date that Amazon updated its electronic meal period waiver) and who signed a second meal period waiver.

(Doc. 226 at 2.)  Amazon asserts that Plaintiffs have refused this compromise, and instead demand production of statewide pay, time, and badge swipe data as well as personally identifiable information of individuals who allegedly signed an invalid waiver.  (*Id.*)  Amazon

---

[2] According to the exhibits attached to Amazon's informal statement, Amazon has agreed to provide declarations confirming the following:

   (1) Amazon ceased conducting security screening in California on April 1, 2020, and ceased its rounding practice on September 30, 2020, (Doc. 226, Ex. A at 3); and

   (2) Amazon revised its electronic meal period waiver on November 12, 2018, (Doc. 226, Ex. A at 4).

identifies the remaining disputes as involving Plaintiffs' request for additional depositions,

including a second 30(b)(6) deposition, and any documents in support of Amazon's defenses (as

well as identification of those documents).  (*Id.*)

### 1.  Pay, Time, and Badge Swipe Data

Amazon has offered to provide updated, pay, time, and badge swipe data through

September 30, 2020 for each of the California sites where Plaintiffs worked.  Plaintiffs reportedly

have not objected to the September 30, 2020 cutoff date, which is the latest date by which all of

the challenged practices that implicate this data (security screening,[3] rounding, and second meal

period waiver) ceased.  However, Plaintiffs have insisted that Amazon provide this data for *all*

California employees, invoking their PAGA claims.

Amazon contends that statewide discovery on the PAGA claims is not appropriate at this

time and that the Court should order that Amazon need only provide the additional data for the

five sites where Plaintiffs worked.  Amazon believes that tailoring of discovery, at this point in

time, to the sites where Plaintiffs worked is reasonable given that Plaintiffs will have to establish

that they were injured, noting the Court's findings related to the security screening claims.

### 2.  Second Meal Period Waiver Data

Amazon has produced, or offered to produce, nearly all of the discovery Plaintiffs need to

pursue their second meal period waiver and derivative claims.  To that end, Amazon has produced

copies of all versions of the "second meal period waivers" that were in use prior to certification,

including the version Plaintiffs asserted was invalid.  Amazon does not believe it needs to

produce any further second meal period waivers because the allegedly deficient meal break

waiver language was no longer used beginning November 12, 2018.

Amazon also has offered to produce the employee IDs, separation dates, and any

outstanding time and pay data for associates who were onboarded before November 12, 2018, and

signed a second meal period waiver.  Plaintiffs reportedly have generally accepted this proposal,

but also insist that they need "the identity of employees who signed a purportedly 'invalid'

---

[3] Amazon indicates that security screening remains in place at Amazon Air facilities in California, but none of the Plaintiffs worked at any of those locations.

waiver" so they can "track such identities." (Doc. 226 at 4.)  Amazon believes this request is premature and should be rejected.  Specifically, Amazon indicates that the scope of pre-certification discovery lies within the discretion of the district court and that courts in this district have used that discretion to restrict the disclosure of full class lists prior to there being a fully certified class.  (*Id.*)

Amazon notes that no second meal period waiver class has been certified, and while Amazon expects it will be, until counsel has been appointed class counsel Amazon asserts that it would be inappropriate to turn over a class list. Amazon also already provided Plaintiffs with a sampling of class contact information, which Amazon asserts that Plaintiffs can use to begin identifying class members while the parties await Judge Sherriff's ruling. While Amazon acknowledges that Plaintiffs may ultimately be entitled to additional information, Amazon claims it would be inappropriate and premature to provide that information now given the procedural posture of this case and the fact that Plaintiffs have already had the opportunity to investigate the merits of their claims during class certification. Amazon contends that once Judge Sherriff rules on class certification, then the parties can revisit this issue as appropriate.

### 3. Depositions

Amazon asserts that Plaintiffs have broadly insisted on depositions of witnesses, including Rule 30(b)(6) witnesses, who have knowledge relative to the claims and defenses to any of the certified claims or the PAGA claims.  (Doc. 226 at 4.)  Amazon argues that the Court should reject Plaintiffs' request for additional depositions at this stage.

As to 30(b)(6) witnesses, Amazon indicates that Plaintiffs have already conducted a Rule 30(b)(6) deposition in which they deposed two separate corporate witnesses.  Amazon asserts that Plaintiffs have presented no basis to this Court for yet another Rule 30(b)(6) deposition despite Plaintiffs' claim that discovery previously was limited to class certification issues.

As to 30(b)(1) witnesses, Amazon asserts that Plaintiffs also have presented no basis for seeking additional depositions.  Amazon points out that Plaintiffs have not identified a single person they would like to depose or the basis for any deposition.

Amazon is willing to discuss the need for further depositions in the future, but contends,

1    among other things, that it makes no sense to require any witness to sit for a deposition before the

2    parties have certainty about which claims will proceed on a class or representative basis.

### 4.  Documents Supporting Amazon's Defenses

4        According to Amazon, Plaintiffs have demanded Amazon provide and identify "[a]ny"

5    documents supporting Amazon's defenses. (Doc. 226 at 5, citing Ex. A at 11.)  Amazon contends

6    that it has already disclosed documents that support its defenses, including by identifying

7    potentially relevant documents in its initial disclosures and, for example, by producing documents

8    in response to Plaintiff Trevino's first set of requests for production, which requested "all

9    documents that support any denial asserted in [Amazon's] answer to the operative complaint."

10   (Doc. 226 at 5.)  Amazon indicates that it will make supplemental productions as it locates more

11   documents.

12       Per Amazon, Plaintiffs also insist that Amazon identify the specific documents that

13   Amazon previously produced that "support Amazon's defenses." (Doc. 226 at 5, citing Ex. A at

14   6.)  Amazon argues that this exceeds what is required by the Federal Rules, which permit a party

15   to produce documents "as they are kept in the usual course of business" and does not require

16   correlating individual documents to specific requests or defenses, citing Fed. R. Civ. P.

17   34(b)(2)(E)(i).

### B.  Plaintiffs' Position

19       Based on Amazon's statements, Plaintiffs seek a declaration from Amazon (1) affirming

20   that it discontinued its rounding practice on September 30, 2020, as has been represented; and (2)

21   affirming that Amazon ceased all security screening in California at the start of the pandemic, as

22   of April 1, 2020, and still does not conduct screening at its sites in California.  (Doc. 228 at 1.)

### 1.  Pay and Time Data

24       Plaintiffs contend that they are entitled to pay and time data for all sites in California, not

25   just sites where each plaintiff worked, invoking their PAGA claims.  Plaintiffs assert that they

26   have standing to pursue PAGA claims with respect to violations committed against all aggrieved

27   employees, not only employees at sites at which Plaintiffs worked.  Plaintiffs further assert that

28   they are not required to establish that they were injured prior to engaging in discovery, citing

1    *Williams v. Superior Court*, 3 Cal.5th 531, 51-52 (2017).

2                          **2.  Wage Statement Data**

3           With respect to wage statement data, Plaintiffs argue that Amazon has a payroll database

4    with all the fields of information used in the generation of the wage statements, including

5    employee IDs, and the data can be exported to an excel spreadsheet.  Plaintiffs claim they need

6    such information to determine which wage statements had no total for hours worked.  Plaintiffs

7    have not agreed to limit their request to hard-copy wage statements, and they reportedly know

8    that Amazon has electronic wage statement data that should be produced.

9           Plaintiffs agree to the ending date limitation of January 1, 2019, but seek a declaration

10   from Amazon that states a total hours worked entry was on the wage statements as of January 1,

11   2019, and thereafter for all of Amazons' employees.

12                          **3.  Meal Period Waiver**

13          Plaintiffs aver that they require a declaration affirming that "the allegedly deficient

14   electronic second meal period waiver was updated on November 12, 2018."  (Doc. 228 at 4.)

15   Plaintiffs also aver that they need the employee IDs, separation dates, time and pay data for

16   associates who onboarded before November 12, 2018 who signed the defective meal period

17   waiver at issue so they can track such identities.  Plaintiffs believe that Amazon's offer to provide

18   IDs of the employees who were onboarded before November 12, 2018 and signed a second meal

19   period waiver is too broad an agreement unless Amazon is willing to stipulate "that all second

20   meal period waivers that were signed before November 12, 2018 signed the same allegedly

21   deficient meal period waiver."[4]  (Doc. 228 at 4.)

22              **4.  Documents and Facts Related to Defendants' Defenses**

23          Plaintiffs assert that they are entitled to facts, witnesses, and documents upon which

24   Amazon is basing any defenses to the certified claims and PAGA claims.  Plaintiffs indicate that

25   if Amazon has provided such facts, identity of witnesses, and documents, then they can respond

26   to an interrogatory and Demand for Production "with a verified response verifying such fact."

27   _____

28   [4] While not entirely clear, this appears to be a statement that Plaintiffs seek a stipulation that all second
     meal period waivers signed before November 12, 2018 were deficient.

                                              8

(Doc. 228 at 4.)

Plaintiffs additionally assert that they are entitled to PMQ testimony as to any such defenses.  Plaintiffs contend that the discovery cutoff in this action reflected that only certification discovery was allowed and PMQs were not questioned about defenses or PAGA claims.  Plaintiffs agree not to ask the same questions that they already asked.

### C.  Discussion and Analysis

#### 1.  Requested Declarations

Plaintiffs seek various declarations from Amazon affirming dates that Amazon discontinued certain practices.  To the extent Amazon has agreed to provide declarations confirming various cutoff dates related to the conduct at issue as stated in its informal discovery dispute letter, Plaintiffs' request is GRANTED.  Within **thirty (30) days** of the date of this order, Amazon shall provide relevant declarations that it has agreed to provide, and which confirm various cutoff dates related to the conduct at issue.  These include the following:  (1) Amazon ceased conducting security screening in California on April 1, 2020, and ceased its rounding practice on September 30, 2020; and (2) Amazon revised its electronic meal period waiver on November 12, 2018. The Court does not compel any such declaration for which Amazon has not agreed.

#### 2.  Pay, Time, and Badge Swipe Data

Amazon has offered to provide updated, pay, time, and badge swipe data through September 30, 2020 for each of the California sites where Plaintiffs worked.  In contrast, Plaintiffs seek pay and time data for all sites in California, not just sites where each plaintiff worked, invoking their standing to pursue PAGA claims with respect to violations committed against all aggrieved employees.

Plaintiffs are entitled to statewide pre-certification discovery because they have shown it is warranted and because this is a representative PAGA action.  *See Harper v. Charter Commc'ns, LLC*, No. 2:19-CV-0902-WBS-DMC, 2020 WL 6158239, at *5 (E.D. Cal. Nov. 2, 2020).   The Court, however, retains the discretion to limit such discovery, which it will do in this case.  *Id.* (exercising discretion to limit pre-certification statewide discovery to 10% random samplings and

complete contact list); *Shasta Linen Supply, Inc. v. Applied Underwriters Inc.*, No. 2:16-CV-00158 WBS AC, 2018 WL 402235, at *3 (E.D. Cal. Jan. 12, 2018) ("Even in the context of bifurcated discovery, the scope of pre-certification discovery lies entirely within the discretion of the court.").  The pre-certification posture of this action wherein <u>no</u> claims have been certified (based on the pending findings and recommendations) and the absence of a schedule for merits discovery warrant a limit on pre-certification discovery.  The updated pay, time, and badge swipe data offered by Amazon is reasonable and proportional to the current needs of this action under Rule 26.  Accordingly, Plaintiffs' request for pay and time data for all sites in California is DENIED without prejudice.  However, within **thirty (30) days** of the date of this order, Amazon shall provide updated pay, time, and badge swipe data for Plaintiffs' worksites through September 30, 2020.  As necessary and appropriate, Plaintiffs may renew their request for pay and time data for all sites in California once the claims in this action have been clarified and a schedule for merits discovery has been established.

### 3.  Second Meal Period Waiver Data

Plaintiffs assert that the need the employee IDs, separation dates, time and pay data for associates who were onboarded before November 12, 2018, who signed the meal period waiver at issue.  Although Amazon has offered to provide this information for employees who signed a second meal period waiver, Plaintiffs appear to believe that such an offer is too broad.  Plaintiffs' objection seems to be that Amazon has offered to produce more data than may be required.  It is not evident to the Court that additional discovery, beyond that offered by Amazon, is necessary.  To the extent Plaintiffs are requesting *less* discovery, they are in the best position to narrow their own discovery requests.  Accordingly, Plaintiffs' request related to second meal period waiver data is DENIED at this time.

Insofar as Plaintiffs are seeking the identity of employees who signed the meal period waiver at issue, Amazon has reportedly provided Plaintiffs with a sampling of class contact information, which Plaintiffs can use to identify class members while the parties await a ruling on class certification.  Plaintiffs may renew their request as appropriate following any ruling on certification.

1

### 4. Wage Statement Data

2        With respect to wage statement data, Plaintiffs argue that Amazon has electronic wage

3  statement data that should be produced in an excel spreadsheet, so that Plaintiffs may determine

4  which wage statements had "no total for hours worked." (Doc. 228 at 3.)  Plaintiffs have

5  explained that Amazon has a payroll database with all the fields of information used in the

6  generation of wage statements, Amazon can export that data into an excel spreadsheet, and

7  Plaintiffs can then determine which wages statements "had fields of data that included the number

8  of hours to determine if there were wage statements that had hours worked listed that double

9  counted other hours and made the total hours worked inaccurate when adding up the separate line

10  items of hours (where there was no total for hours worked.)"  (*Id.*)  It is not evident to the Court

11  that electronic wage statement data in an excel file will provide the necessary information

12  relevant to Plaintiffs' claim that certain wage statements failed to list total hours worked.  Fed. R.

13  Civ. P. 26(b)(1).  While an excel spreadsheet might indicate the fields of information used to

14  generate wage statements, the claim relates to whether the wage statement contains a line item for

15  total hours worked.  Thus, it is the wage statements that are relevant.  Amazon has agreed to

16  produce wage statements "that it can reasonably locate dated between July 12, 2016 and

17  December 31, 2018 that do not include a specific line item for total hours worked."  (Doc. 226 at

18  1.)  For these reasons, Plaintiffs' request for production of wage statement data in an excel

19  spreadsheet is DENIED without prejudice.  Within **thirty (30) days** of the date of this order,

20  Amazon shall produce wage statements that it can reasonably locate dated between July 12, 2016

21  and December 31, 2018 that do not include a specific line item for total hours worked. If, after

22  Amazon's agreed-upon production, Plaintiffs believe that there are additional wage statements

23  that have not been produced, then they may renew their request.

24

### 5. Documents and Fact Related to Amazon's Defenses

25        Plaintiffs assert that they are entitled to facts, witnesses, and documents upon which

26  Amazon is basing any defenses to the certified claims and PAGA claims.  However, Amazon

27  contends that it has already disclosed documents that support its defenses, including by

28  identifying potentially relevant documents in its initial disclosures and, for example, by producing

1   documents in response to Plaintiff Trevino's first set of requests for production, which requested

2   "all documents that support any denial asserted in [Amazon's] answer to the operative

3   complaint."  (Doc. 226 at 5.)  Amazon also has agreed to supplement its responses as is required

4   by Rule 26(e).  Based on amazon's representation that is has disclosed or produced responsive

5   documents, Plaintiffs' broad-based request for any documents upon which Amazon is basing its

6   defenses is DENIED.

7            Plaintiffs additionally request that Amazon identify the specific documents it previously

8   produced that support its defenses.  However, the federal civil rules require a party to either

9   produce documents "as they are kept in the usual course of business" <u>or</u> "label them to

10  correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).  Absent any indication

11  that Amazon failed to produce documents as they are kept in the usual course of business,

12  Plaintiffs' request is  DENIED.

13           Plaintiffs additionally assert that they are entitled to PMQ testimony as to any such

14  defenses.  At this juncture, the Court finds that any additional depositions—whether 30(b)(6) or

15  otherwise—would be premature.  Requiring individuals to sit for depositions prior to certainty

16  about which claims will proceed on a class or representative basis would be inefficient and

17  impractical.  Accordingly, Plaintiffs' request for further PMQ depositions is DENIED without

18  prejudice.  As appropriate and necessary, Plaintiffs may renew their request for additional PMQ

19  depositions once the district court has ruled on the pending findings and recommendations.

20           **D.      Conclusion and Order**

21           As detailed above, Plaintiffs' request to reopen discovery is GRANTED in part and

22  DENIED in part.  (Doc. 228.)

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

12

Given the procedural posture of this action, IT IS FURTHER ORDERED that Amazon shall file a status report **no later than December 20, 2024**, providing an update on the final approval hearing and status of the Kentucky action:  *In re: Amazon.com, Inc. Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, MDL Case No. 3:14-md-2504 (W.D. Ky.).

IT IS SO ORDERED.

Dated:   **December 2, 2024**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

13